### O. G. SOFIELD v. STATE OF NEBRASKA.

FILED APRIL 10, 1901.   No. 11,735.

1. **Information:** NAME OF PERSON OTHER THAN ACCUSED: RULE WHERE UNKNOWN. The rule requiring the name of a person other than the accused to be set forth in an information is subject to the qualification that if the name is unknown, that fact may be so alleged.

2. ———: NEGATIVE ALLEGATIONS: DESCRIPTIO DELICTI. An information need not negative the exceptions of a statute, which are not descriptive of the offense.

ERROR from the district court for Custer county. Tried below before SULLIVAN, J.  *Affirmed.*

*S. Cameron, C. L. Gutterson, J. R. Dean* and *John S. Kirkpatrick,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy, contra.*

NORVAL, C. J.

O. G. Sofield was convicted in the court below of the crime of practicing medicine without a license, or certificate so to do.

It is insisted that the information on which the defendant was tried is fatally defective, because it does not state upon whom he practiced the healing art, and the case of *O'Connor v. State*, 46 Nebr., 157, is cited in support of the contention. It is true the information in the case at bar omits to state the name or names of the persons upon whom Sofield practiced his profession, but this does not render the information defective in substance, since it is therein specifically alleged that defendant "did unlawfully practice medicine to divers and sundry persons, whose names are to the county attorney unknown." This averment was sufficient. Of course, the county attorney was not required to set out in the information the names of the persons the defendant treated, when such persons were unknown to such officer, and he so pleaded in the information. 1 Bishop, New Criminal Procedure, secs. 546-553; 10 Ency. Pl. & Pr., 508; *Coffin v. United States*, 156 U. S., 432. The case of *O'Connor v. State, supra,* is distinguishable. There the information omitted the names of the persons treated and failed to allege that their names were unknown to the county attorney.

The information is assailed on the ground that it failed to contain any negative averment relative to the exceptions contained in section 17, chapter 55, Compiled Statutes. Such a negative averment was wholly unnecessary. *O'Connor v. State, supra.*

The evidence was ample to sustain the verdict, and no reversible error appearing in the record, the judgment is

AFFIRMED.