## EPSTEIN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.  November 7, 1922.)

### No. 1981.

1. Criminal law ⊚◁394—Evidence obtained by searching defendant arrested without warrant admissible.

Evidence obtained by a state officer in searching the person of a defendant arrested without a warrant is admissible.

2. Poisons ⊚◁9—Evidence that defendant possessed list containing names of drug addicts admissible.

Where a defendant indicted for violating the Harrison Anti-Narcotic Act, as amended by Act Feb. 24, 1919 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l, 6287r), claimed that he had no interest in narcotics found in a suit case in his room, a list found in his possession containing the names of drug addicts was admissible.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

S. Epstein was convicted of violating the Harrison Anti-Narcotic Act, and he brings error. Affirmed.

C. G. Wyche and Alvin H. Dean, both of Greenville, S. C. (Dean, Cothran & Wyche, of Greenville, S. C., on the brief), for plaintiff in error.

Ernest F. Cochran, U. S. Atty., of Anderson, S. C.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

WOODS, Circuit Judge.  The defendant Epstein and one Morten were indicted together for violation of the Harrison Anti-Narcotic Act as amended by Act of February 24, 1919 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l, 6287r).  Morten not having been arrested, Epstein was tried alone and convicted.  There was no motion for a directed verdict and no exception to the instructions given the jury.

[1] On February 22, 1921, Morten and Epstein arrived at the Imperial Hotel in the city of Greenville, S. C.  One of them registered the names of both on one line of the register, and at their own request they were assigned to a double room with one bed.  The next morning, on the affidavit of a city policeman, a magistrate of the state and county issued a search warrant directing the search for contraband liquor in the possession of J. Morten.  The premises to be searched were not described either in the affidavit or in the warrant.  With the warrant in their possession Whitmire and other city policemen searched the hotel room in which Morten and Epstein had slept.  Morten had disappeared.  The search in the presence of Epstein resulted in finding 39½ ounces of morphine and 10 ounces of cocaine in a suit case.  Epstein told the officers the suit case belonged to Morten and a traveling bag in which no drug was found belonged to him.  In a drawer in the room was found a label like the labels on the bottles containing the drugs.  The officers arrested Epstein without a war-

rant, searched him at the police station, and found in his pocket a paper on which was written a list of names.

At the trial the evidence obtained by the search was admitted over the objection of defendant's counsel. In Kanellos v. United States, 282 Fed. 461, filed July 20, 1922, we have decided that in a federal court evidence obtained by state officers under an invalid search warrant or without a warrant is competent. The same principle applies to evidence obtained by state officers in searching the person of a defendant arrested without a warrant.

[2] On the merits the defense was that the drugs were the property of Morten and that Epstein had no interest in them. On this issue it was clearly competent for the government to introduce evidence that a list found in Epstein's possession contained the names of persons known to the witnesses to be drug addicts. That fact was a circumstance tending, when taken with the other evidence, to connect Epstein with the purchase and possession of the drugs. What made this evidence all the stronger was that Epstein made no explanation of the list found in his possession, or of the finding of the narcotics in the room occupied by him at the hotel. Pierriero v. United States (C. C. A.) 271 Fed. 912.

Affirmed.

WADDILL, Circuit Judge. I concur in the affirmance of the decision of the District Court, but base my conclusion for so doing upon the failure of the plaintiff in error to account for the possession of the inhibited drug, in the light of the decision of this court of Pierriero v. United States, 271 Fed. 912, referred to by the majority, rather than upon any of the other questions decided.