# THE STATE OF NORTH DAKOTA, Respondent, v. SID Mc-DANIELS, Appellant.

(192 N. W. 974.)

**Intoxicating liquors — evidence held sufficient to sustain conviction for violation of state prohibitory law.**

1. In a criminal action for violation of the State prohibitory law (Laws 1921, chap. 97), the evidence is examined and *held* to sustain a verdict of guilty.

**Criminal law — admission of search warrant and return thereon in prosecution for violation of prohibitory law held without prejudice.**

2. For reasons stated in the opinion it is *held* that the error, if any, in admitting a search warrant and the return thereon in evidence, is error without prejudice.

**Indictment and information — unnecessary to negative exception in statute, unless essential to definition of offense.**

3. In an information for a statutory offense, it is not necessary to negative an exception in the statute unless the exception is such as to render the negative of it an essential part of the definition of the offense.

**Intoxicating liquors — information for violation of state prohibitory law need not negative Federal exceptions.**

4. An information for violation of the state statute which prohibits the unlawful manufacture of intoxicating liquors, or the possession of any utensil, contrivance, or machine designed or intended for use in the unlawful manufacture of intoxicating liquors (Laws 1921, chap. 97), need not negative the

---

Note.—On the general rule as to negation of exceptions in statute, see 14 R. C. L. 188; 3 R. C. L. Supp. 192; 4 R. C. L. Supp. 886; 5 R. C. L. Supp. 752; 15 R. C. L. 389; 3 R. C. L. Supp. 453.

proviso in such statute permitting certain liquors to be manufactured, sold, "furnished and possessed when permitted by Federal statute."

Opinion filed March 13, 1923. Rehearing denied April 3, 1923.

Criminal Law, 17 C. J. § 3664 p. 321 n. 47; § 3665 p. 324 n. 68; Indictments and Informations, 31 C. J. § 269 p. 720 n. 58; Intoxicating Liquors, 33 C. J. § 447 p. 727 n. 24, p. 729 n. 30 New; § 502 p. 758 n. 80.

Appeal from the District Court of Mountrail County, *Moellring,* J. Defendant was convicted of violating the state prohibition law, and appeals from the judgment of conviction and from the order denying a new trial.

Affirmed.

*Funke, Campbell & Eide,* for appellant.

*R. E. Swendseid,* State's Attorney, and *Geo. F. Shafer,* Attorney General, for respondent.

CHRISTIANSON, J. The defendant was convicted of violating the laws of this state prohibiting the manufacture, or possession of utensils designed or intended for use in the unlawful manufacture, of intoxicating liquor, Laws 1921, chap. 97, and appeals from the judgment of conviction and from the order denying his motion for a new trial.

It is contended that the verdict is against the evidence. Error is also assigned upon rulings in the admission of evidence and the instructions to the jury. We will consider these questions in the order stated.

The evidence shows that the sheriff and his deputy, on or about October 11th, 1921, came to a small shack in the woods on the banks of the Missouri river where a still was in operation. It is undisputed that there was found at this place a still and a considerable quantity of mash and moonshine liquor. At the time the officers came, the still was being operated and liquor being manufactured. It is further undisputed that at the time, the defendant was the only occupant of the place. The defendant claims that the place did not belong to him, and that he was in no manner interested therein; that the place belonged to a party named William Holt; that on the day in question he walked down to the place with Holt; that the purpose was to look at a certain horse on the way down; that after they arrived at the shack, Holt built a fire and started the still; that when the noon hour approached, he (Holt) suggested to defendant that he (Holt) wanted to go home for

lunch and asked the defendant if he would stay and keep the fire going until he (Holt) came back; that the defendant agreed to do this and that this was the sole reason why he was there at the time the sheriff and his deputy appeared.

The shack in which the still was being operated was situated in a place that was secluded and quite inaccessible. The defendant was the only person in or about the place at the time the officers appeared. He was sitting in the shack reading a paper or magazine. According to his own story, he was there for the purpose of keeping the fire going so that the still could continue to manufacture liquor until Holt returned. He did not, however, say anything to the officers about Holt, or inform them that Holt was the owner of the still. He, in fact, offered no explanation whatever to the officers, and in no manner sought to inform them that the still did not belong to him, or that he did not operate it. The statement to the effect that the still belonged to Holt and was being operated by Holt, and that defendant merely stayed there while Holt went home for dinner, was first told upon the trial in the district court.

We are entirely agreed that it cannot be said as a matter of law that the facts and circumstances stated did not warrant the jury in returning a verdict of guilty. On the contrary, we are of the opinion that the facts and circumstances shown here were sufficient to justify the jury in concluding that the still belonged to the defendant, and was being operated by him.

It is contended that the court erred in admitting the search warrant and the return thereon in evidence over defendant's objection. The search warrant and the return are not in the record transmitted to this court; but assuming that the warrant and the return are as stated by the defendant's counsel, we do not believe that any prejudicial error was committed in admitting the same in evidence. The search warrant was issued against some person unknown. The return,—according to what is said,—merely purported to recite what the sheriff found in examining the shack in question. We have very serious doubt if the objections interposed by the defendant were sufficient to call the trial court's attention to the particular grounds now urged as reasons why the same should not have been admitted in evidence. But in any event the error, if any, in admitting these instruments in evidence was error without prejudice, as both the sheriff and his deputy testified fully with respect

to the search of the premises and as to what they found in making such search; and there is no dispute as to what they actually did in the way of search or what they found at the time the search was made. The defendant himself, as already indicated, admitted that the sheriff found the still, mash and moonshine liquor to which reference has already been made. Hence, so far as the search warrant or the return thereon is concerned, there is no contention that anything was said therein which in any manner changed or affected the testimony given by the officers and the defendant. And it is inconceivable that the jury could have been influenced to the prejudice of the defendant by any statement either in the search warrant or the return.

In its instructions to the jury the court said: "I charge you that under the laws of this state it is unlawful for a person to manufacture and possess any utensils, liquors, or other property designed and intended for use in the manufacture of intoxicating liquors fit for beverage purposes, except as permitted by Federal statute. I shall not define for you the exceptions wherein the Federal statute permits such manufacture and possession, as under the evidence in this case no such exception or exceptions are disclosed."

It is contended that the court erred in failing to define the exceptions provided by the Federal statute. It is also contended that the information in this case is defective because it failed to allege that the acts charged against the defendant did not fall within such exceptions. In our opinion neither contention is well founded. The exceptions enumerated in the statute do not constitute an element of the crime described. The exceptions merely withdraw certain cases from the operation of the statute. Hence, they need not be alleged or proven by the prosecution, but constitute matter of defense. 22 Cyc. 344–346; Sofield v. State, 61 Neb. 600, 85 N. W. 840; Shelp v. United States, 26 C. C. A. 570, 48 U. S. App. 376, 81 Fed. 694; McKelvey v. United States, 260 U. S. 353, 67 L. ed. 301, 43 Sup. Ct. Rep. 132. In McKelvey v. United States, supra, the Supreme Court of the United States said:

"By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere; and that it

is incumbent on one who relies on such an exception to set it up and establish it."

In Shelp v. United States, supra, it was held that an indictment for selling liquor contrary to an act forbidding the "importation, manufacture, and sale of intoxicating liquors, . . . except for medicinal, mechanical, and scientific purposes," need not negative the exceptions in such statute. In the opinion in the case the court said:

"The exception stated in the statute does not either define or qualify the offense created by the statute. The offense designated in the statute is the sale of intoxicating liquors in Alaska. This can be properly stated without any reference to the exception. There is nothing in the exception that enters into the offense condemned by the statute. The exception is purely a matter of defense, which, if relied upon, could readily have been proven by the defendants. A careful examination of the authorities will show that it is only necessary in an indictment for a statutory offense to negative an exception to the statute when that exception is such as to render the negative of it an essential part of the definition or description of the offense charged." The language quoted is directly applicable here.

This disposes of all assignments of error worthy of discussion. Other errors assigned are either controlled by those discussed or are so obviously without merit as to require no consideration. From what has been said it follows that we are of the opinion that the record discloses no prejudicial error. Appellant's counsel contends, however, that even though no assignment standing alone can be said to show prejudicial error, that the record as a whole demonstrates that defendant did not receive a fair and impartial trial. We are unable to agree with this contention. On the contrary we believe that the record before us indicates that the defendant received a fair trial, and no valid reason has been shown to justify our interference with the judgment and order appealed from.

Affirmed.

Bronson, Ch. J., and Birdzell, Nuessle, and Johnson, JJ., concur.

On petition for rehearing.

PER CURIAM. In a petition for rehearing it is asserted that this court in its former opinion failed to consider that the defendant in this case was charged only with the manufacture or possession of utensils intended to be used in the unlawful manufacture of intoxicating liquors; and it is contended that the trial court erred in not defining the term "possession" as contemplated by such statute, and, also, failed to give instructions on other phases of the case.

No request was made for instruction on any of the propositions alluded to. And there is, in our opinion, no reason to believe that the jury was in any manner misled by failure to define the term "possession," or instruct on any of the other abstract propositions alluded to. In other words, upon the record here there is no basis for the alleged error predicated on nondirection. See State v. Glass, 29 N. D. 620, 151 N. W. 229.

Rehearing denied.

BRONSON, Ch. J., CHRISTIANSON, JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.