STATE OF NORTH DAKOTA, Respondent, v. ROY D. HAND and Clarence Maynard, Appellants.

(193 N. W. 148.)

**Intoxicating liquors — evidence held to sustain conviction for violation of prohibitory law.**

1. In a criminal action for a violation of the State Prohibitory Law (Laws 1921, chap. 97), the evidence is examined and *held* to sustain the verdict of guilty.

**Indictment and information — unnecessary to negative exception in statute unless essential to definition of offense.**

2. Following State v. McDaniels, ante, 648, just decided, held that in an information for a statutory offense, it is not necessary to negative an exception in the statute unless the negative of the exception is an essential part of the definition of the offense.

**Criminal law — error cannot be predicated on admission of evidence in joint trial inadmissible as to one defendant unless objected to.**

3. Where on a joint trial evidence inadmissible as to one of the defendants is received without objection and submitted to the jury without instruction as to its consideration, the matter not having been called to the attention of the trial court by a request for an appropriate instruction or otherwise, error cannot be predicated thereon.

Opinion filed April 3, 1923.

Criminal Law, 16 C. J. § 2500 p. 1059 n. 38; 17 C. J. § 3333 p. 66 n. 15; Indictments and Informations, 31 C. J. § 269 p. 720 n. 58; Intoxicating Liquors, 33 C. J. § 502 p. 758 n. 80.

Appeal from the District Court of Mountrail County, *Moellring, J.* Defendants were convicted of violating the State Prohibition Law,

Note.—On necessity of negation of exceptions in statute defining offense, see 14 R. C. L. 188; 3 R. C. L. Supp. 192; 4 R. C. L. Supp. 886; 5 R. C. L. Supp. 752; 15 R. C. L. 389; 3 R. C. L. Supp. 453.

and appeal from the judgment of conviction and from an order denying a new trial.

Affirmed.

*Funke, Campbell & Eide,* for appellants.

*R. E. Swendseid,* State's Attorney, and *George F. Schafer,* Attorney General, for respondent.

NUESSLE, J.   The defendants were convicted of violating the laws of this state prohibiting the manufacture or possession of utensils designed or intended for use in the unlawful manufacture of intoxicating liquor (Laws 1921, chap. 97), and the appeal is from the judgment of conviction and from the order denying their motions for a new trial.

It appears from the record that the state's attorney of Mountrail county obtained a search warrant directed to an unoccupied building some 3 miles from the village of Sanish.   This warrant was put into the hands of the sheriff.   On Monday, the 15th of August, he and his deputies searched the premises under the warrant.   They found no one in possession, but they did find in the unoccupied house 3 barrels of "mash" and 10 gallons of syrup.   This building was situated in a coulee more or less surrounded by brush and trees, and remote from and out of sight of the highway.   The officers did not disturb the premises or any of the property therein.   The sheriff left, but the deputies concealed themselves about the place awaiting tthe return of anyone who might be interested in the mash.   About midnight Monday night the defendants, Hand and Maynard, appeared on the scene with a team and several barrels of water.   This they emptied into a dry well located near one corner of the building, and Maynard said to Hand, "This is the first time I have ever hauled water to put into a well."   The officers, without making their presence known, permitted Hand and Maynard to depart.   On Wednesday night between 1 and 2 o'clock, a team and wagon was again driven to the premises and three men carried various articles from the wagon into the building where the mash was.   Owing to the darkness it was impossible to see who the men were or what any of them carried.   In a few minutes the officers also went into the building.   There they found the defendants, Hand and Maynard, and one Mummert, all of whom they arrested.   Hand and Mummert were engaged in setting up some of the apparatus which had been brought there.

When arrested some one of the three, in the presence and hearing of the others, said, "They had found this mash here and didn't know to whom it belonged so they thought they would come out and boil it up." The others said nothing. After the arrest the party went to Sanish, first loading up the apparatus which had been found and seized, and which consisted of a coil, a boiler, parts of a compresser tank, a gas stove and various other articles. The officers destroyed the mash in the barrels excepting only a portion of it which they put in a jug and loaded into the wagon. In going to Sanish, Maynard drove the team. On the way Hand took the jug containing the sample of mash and tried to destroy it, but was prevented from doing so. When they arrived at Sanish, Hand said to his wife, "I was out starting to boil out a little brew, and got picked up, and I will have to go to Stanley (the county seat)."

All three of the men were taken before a justice of the peace. They waived examination and were held for trial at the next term of the district court, but gave bail and were released. At that term the state's attorney filed his information charging them jointly with the commission of "the crime of manufacturing and possessing utensils and substances designed and intended for use in the unlawful manufacturing of intoxicating liquors committed as follows, to wit:

"That at said time and place the said Roy D. Hand, Otis Mummert and Clarence Maynard and each of them did wilfully and unlawfully manufacture and have in their possession a large iron boiler, copper coil, gas burner, pressure tank, condenser and mash then and there designed and intended for use in the unlawful manufacture of intoxicating liquors for beverage purposes."

When the state's attorney moved the arraignment of the defendants, Mummert failed to appear and his bond was ordered forfeited. The defendants, Hand and Maynard, appeared and entered their pleas of not guilty. No objection was urged as against the information, either by demurrer or motion to set aside; nor was there any objection to the admission of any testimony on the ground that the information was defective. The case was moved for trial, and they were tried jointly. No request was made by either for separate trials. The jury found them guilty, and sentence was imposed. The trial court denied their motion for a new trial.

The defendants urge that the verdict is against the evidence; that the information is bad because not negativing the exceptions in the statute; that the statute under which the search warrant was issued is unconstitutional; that the court erred in ruling upon the objections to the admission of evidence; that there was error by reason of the court's refusal to give certain requested instructions, and that the instructions as given were erroneous.

Considering first the question of the sufficiency of the evidence, it appears to us that on the record as made the jury were clearly warranted in returning their verdict of guilty. No evidence was offered on behalf of the defendants. No explanation of the peculiar circumstances was attempted. The evidence of the state's witnesses stood wholly uncontradicted. The sheriff testified that he had seen stills used in the manufacture of intoxicating liquors in operation, and that the appliances which were seized at the time the arrests were made were parts of a still or might be used in connection with the operation of a still. From the whole record under all the circumstances as shown there is no question but that the evidence is sufficient to warrant the jury in returning their verdict.

It is contended by the defendants that the court erred in admitting the search warrant in evidence. No objection was raised to the warrant or to its admission in evidence, therefore, no error can be predicated upon the court's action in this respect. The other objections raised on account of the admission of evidence are without merit and need not be further considered.

It is further contended that the statute under which the search warrant was issued is unconstitutional. This objection was not raised at the time of trial. No objection on this ground was made either to the warrant or to the offer in evidence of any article seized under it. That being so, the attack on that ground is in any event too late and cannot avail the defendants.

The charge as given by the court was a written charge. Three requests for instructions were submitted. One, as to the fact that the defendants had not seen fit to take the witness stand, was given by the court. A second, with reference to what must be found in order to enable the jury to return a verdict of guilty was refused in the form as requested but given in substance, as follows: "If, therefore, you find

from all the evidence in this case and beyond a reasonable doubt that either of said defendants did . . . wilfully manufacture and have in their possession any or all of the utensils and things described in the information and then, and there designed and intended by him for use in the manufacture of intoxicating liquor or intoxicating liquors, then I charge you such defendant has committed an unlawful act and you should find him guilty, otherwise you should find him not guilty." There was no error in refusing to give the instruction as requested in view of the fact that the above instruction, substantially incorporating all the matters included in the requested instruction, was given. The third instruction requested and which was refused by the court was manifestly improper under the evidence in the case, and there was no error in the court's refusal to give the same.

The information in this case and the instructions of the court to the jury were in all substantial respects identical with the information and the instructions in the case of State v. McDaniels, just decided, ante, 648, 192 N. W. 974. The same objections there raised are advanced here. What is said by the court there with reference to the information as to the negativing of an exception in a statute defining an offense, is exactly applicable in this case. We approve and affirm the rule therein laid down.

There needs to be considered only one other matter. On the trial, Alger, the deputy sheriff, testified that after the defendants were arrested the defendant, Hand, said to his wife, "I was out starting to boil out a little brew and got picked up and I will have to go to Stanley." It does not affirmatively appear that this was said in the presence of the defendant, Maynard. However, no objection was made to the question in response to which this testimony was elicited, no motion was made to strike out the answer, nor was the court's attention directed to it in any manner. In the charge the jury were instructed that "in determining upon the guilt or innocence of the defendants the jury should consider *all* the evidence as bearing upon the guilt or innocence of each separately." The defendant, Maynard, takes exception to this instruction contending that it is erroneous in view of the fact that the statement of Hand to his wife does not appear to have been made in the presence and hearing of Maynard. It is a sufficient answer to this contention that no objection was made to the admission of this testi-

mony, nor was the fact that it had been so received pointed out in any way to the trial court, by request for an instruction thereon or otherwise.

The judgment of conviction should be affirmed. It is so ordered.

Bronson, Ch. J., and Birdzell, Christianson, and Johnson, JJ., concur.