STATE OF NORTH DAKOTA, Respondent, v. A. R. POSEY, Appellant.

(202 N. W. 131.)

**Criminal law — appeal from conviction dismissed because of undue delay should not be reinstated where accused had a fair trial.**

In a prosecution for the unlawful possession of intoxicating liquors, where undue delay has occurred and the appeal was dismissed by reason thereof, it is held, for reasons stated in the opinion, that the motion for reinstatement of the appeal should be denied.

Opinion filed December 30, 1924.

Criminal Law, 17 C. J. § 3540 p. 201 n. 53. Indictments and Informations, 31 C. J. § 194 p. 672 n. 47; § 269 p. 720 n. 58. Intoxicating Liquors, 33 C. J. § 447 p. 727 n. 24.

In District Court Mountrail County, *Lowe, J.*

Motion for reinstatement of appeal.

Motion denied.

*Fisk & Nash,* for appellant.

*R. E. Swendseid,* State's Attorney and *Geo. F. Shafer,* Attorney General, for respondent.

Per Curiam. This is a prosecution for the unlawful possession of intoxicating liquor contrary to the statute. On June 23rd, 1923, defendant was convicted and sentenced to a term of 6 months in the

county jail and to pay a fine of $200.00. On June 23rd, 1923, defendant appealed from the judgment of conviction. No record of any kind was presented to this court until October 1st, 1924, when the State made a motion for dismissal of the appeal upon grounds of delay and failure to comply with the statute and rules concerning appeals. On October 7th, 1924, the parties stipulated for dismissal of the appeal if the record was not filed with the court within 10 days. Compliance not having been made with the stipulation, this court, on Oct. 17th, 1924, made its order for dismissal of the appeal. Pursuant to an application therefor, this court, on Oct. 22nd, 1924, issued its order to show cause why the appeal should not be reinstated. Pursuant thereto, on Nov. 5th, 1924, the motion for reinstatement was orally presented to this court and, at the suggestion of this court, the parties argued the cause upon its merits. We are satisfied that the appeal should not be reinstated; that a sufficient showing has not been made to warrant this court to excuse the delay and reinstate the appeal. While this court is inclined toward the view that the appeal should not be reinstated, it, nevertheless, has investigated the evidence and the record in order to support its conclusions and that no miscarriage of justice may result. The principal contentions of the defendant are that the information alleged that defendant wilfully and unlawfully possessed intoxicating liquors contrary to the statute without alleging the exception thereof, namely, "except as permitted by Federal statute". See subsection 2, chap. 97, Laws 1921, that it was necessary, in order to allege an offense, that the exception be negatived by an allegation to show that the defendant did not come within the exception for the reason that such exception described the offense. It is further contended that the evidence in the record is insufficient to show possession by defendant, or control by defendant, of any intoxicating liquor; that, erroneously, the court permitted the state to prove the sale of intoxicating beverages at two different times or places, and thus to introduce, improperly, testimony of other offenses; that further, the trial court erred in not compelling the state to elect upon which of two offenses it relied for a conviction. In response, the state maintains that it was unnecessary to allege that defendant was without the statute exceptions since the same was a matter of defense, citing State v. Hand, 49 N. D. 677, 193 N. W. 148; State v. McDaniel,

49 N. D. 648, 192 N. W. 974; that the information charged a continuing offense, namely, the unlawful possession of intoxicating liquor and that, hence, the evidence, as submitted through the exhibits, was competent for purposes of proof, to establish such continuing offense.

We are satisfied, after examination of the record, that the defendant has had a fair trial and that this court should not disturb the verdict of the jury and the judgment of conviction resulting; hence, it would be an idle ceremony to reinstate the appeal. Motion to reinstate the appeal denied.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.