# STATE OF NORTH DAKOTA EX REL. JACOB FRIED v. CHARLES McDONALD.

(208 N. W. 99.)

**Schools and school districts — transportation of pupils — compulsory attendance law — when penalties may not be imposed.**

Where the school board of a common school district offers to pay 50 cents per day per family for transporting pupils who live more than 2¼ miles from the school, but does not offer vehicular transportation to or actual carriage of the children, the parent or guardian of such children of school age is not subject to the penalties of the compulsory school attendance law, as defined by chapter 206, Sess. Laws 1917.

Opinion filed February 26, 1926.

Schools and School Districts, 35 Cyc. p. 1121 n. 97; p. 1122 n. 4.

Original Application for Writ of Habeas Corpus.
Petitioner ordered released. ·
*L. H. Connolly,* for petitioner.
*C. F. Kelsch,* State's Attorney, for defendant.

PER CURIAM. The relator Fried seeks relief from a judgment of the district court of Morton county. He was prosecuted on the charge of having violated the Compulsory School Attendance Law, § 1342, Comp. Laws 1913, as amended by chapter 206, Sess. Laws 1917. A fine was imposed. No question of procedure is raised.

Relator Fried is the parent of four children of school age residing within Crown Butte School District No. 15. Defendant is the sheriff of Morton county. It is not disputed that the relator lives more than 2¼ miles from the nearest school; and that the school board offered to pay the defendant 50 cents per day for transporting his children to school.

The defendant contends that the criminal complaint does not state an offense and that, under admitted and stipulated facts, he has not

Note.—Duty of public to furnish free transportation to pupils, see annotation in 37 L.R.A.(N.S.) 1110; 24 R. C. L. 622.

committed an offense or violated the Compulsory School Attendance Law. It is the contention of the state that the tender of compensation is the equivalent of furnishing transportation, within subdivision 5 of § 1342, supra, and that the parent having failed to require his children to attend school after such tender by the board, he violated the penal provisions of the act.

A brief resumé of recent legislation upon this subject throws some light upon the legislative intention. In 1911 the school laws of the State were codified. Subdivision 4 of § 232 of chapter 266, Sess. Laws 1911, contained a provision, mandatory in form, directing the school board to "provide transportation" for such children of school age as lived more than $2\frac{1}{2}$ miles from the nearest school. By chapter 267, of the Session Laws of 1913, the law governing transportation was again amended. This time the school board was directed, again in mandatory terms, to "arrange a system of zones for the transportation of children to and from school at the expense of the district." The pay for transportation was fixed according to the residence of the children within the different zones, the maximum per family for each zone being determined by the board and not fixed in the law. Subdivision 5 of this chapter then provides that when the board has made provision for transportation in conformity with the act, pupils residing within the district become amenable to the provisions of the statute relating to compulsory attendance. In 1915, § 1342 supra, was again amended. The maximum distance was reduced to $2\frac{1}{4}$ miles and the statute directed school boards to pay a sum not exceeding 35 cents per day per family for transportation of pupils living beyond the maximum distance. The following proviso was then added: "Provided that the tender of such daily compensation shall be construed as furnishing transportation and when such a tender is made by the school board, the compulsory school attendance law shall apply to all children of school age living more than $2\frac{1}{4}$ and not to exceed 5 miles from school."

Section 1342, supra, was again amended by chapter 206, Sess. Laws 1917, subdivision 4. The amendment provides that if no school is taught the required length of time within $2\frac{1}{4}$ miles from the residence of the children by the nearest route "the school board or board of education shall, except in cases of consolidated schools, pay for trans-

portation a sum of not less than 25 cents, nor more than 50 cents, per day to any one family living more than $2\frac{1}{4}$ miles from the nearest school, which shall be equitably based upon the distance traveled and the number of children from each family, *or the board shall furnish transportation,* or the equivalent in lodging if acceptable to the family; and *when such transportation is furnished,* the Compulsory Attendance Law shall apply, etc."

We think the legislative intent is to make the parents of children of school age living beyond the $2\frac{1}{4}$ mile limit amenable to the criminal provisions of the statute only in cases where the school board actually furnishes, or offers to furnish, vehicular transportation, or actual carriage to the children. In the law, as it stood before the amendment, a tender of transportation or of compensation was expressly declared to be sufficient and to bring the parents within the penal provisions of the statute. This part was stricken in 1917. The school board was given the option to pay the parent or to furnish actual carriage for the children to the school; if, for any reason, the parent would not accept the tender of compensation, or, perhaps, was unable to actually transport his children to school for the compensation which the law permits the board to pay, then the board had the option of furnishing actual carriage to the children, which offer, if rejected, would render the parent liable to a criminal prosecution. We think it reasonable to suppose that the legislature considered that the maximum compensation of 50 cents per family per day might in some instances be inadequate to enable a parent of small means or limited facilities to arrange the necessary transportation, and that in such circumstances, and when the board did not furnish or offer to furnish vehicular transportation, or actual carriage to the children, the parent should not be subjected to the penalties of the law. The language of the statute is plain. It is only when "transportation is furnished," and the parent notwithstanding neglects to send his children to school that the penal provisions of the act become applicable. We cannot construe the word "transportation," as used in this penal statute, as the equivalent of tender of pay for transportation. If we did so construe it, it would amount to a holding that the legislature used the word in two essentially different senses in the same paragraph of the statute, and while dealing with the same subject matter. When the legislature speaks of

"pay" for transportation what is meant is pay for vehicular transportation or actual carriage of the children; when a few lines below the legislature makes it the duty of the board to "furnish transportation" as an alternative of the offer of pay therefor, it is, of course, speaking of the same thing, namely vehicular or actual transportation.

We are of the opinion that no offense was stated in the complaint, and, on the stipulated facts, the relator Fried is not guilty of violating the Compulsory School Attendance Law. He should be released and the fine remitted. It is so ordered.

CHRISTIANSON, Ch. J., and JOHNSON, BURKE, and BIRDZELL, JJ., concur.

NUESSLE, J. (dissenting). I am unable to agree with the conclusions reached by my associates as to the statute involved in this case.

As indicated in the majority opinion, the case involves the interpretation of subdivision 4, chapter 206, Sess. Laws 1917, chapter 206, Sess. Laws 1917, and chapter 141, Sess. Laws 1915, are both amendments of § 1342, Comp. Laws 1913. That portion of § 1342 material to this controversy reads as follows:

"Section 1342. Every parent, guardian or other person who resides in any school district or city and who has control over any child . . . shall send or take such child to a public school in each year during the entire time the public schools of such district or city are in session; . . . provided that such parents . . . having control of any child shall be excused from such duty by the school board of the district or by the board of education of the city or village whenever it shall be shown to their satisfaction, subject to appeal as provided by law, that one of the following reasons therefor exists:"

Subsection 5, chapter 141, Sess. Laws 1915, an amendment to § 1342, reads as follows:

"(5) If no school is taught the requisite length of time within two and one quarter miles of the residence of such child by the nearest route, such attendance shall not be enforced, except in cases of consolidated schools, where the school board has arranged for the transportation of pupils. In school districts where consolidated schools have not been established, the school board shall pay a sum not to exceed

thirty-five cents nor less than fifteen cents per day to any one family living more than two and one quarter miles from the nearest school, which shall be equitably based upon the number of children attending school from each family; provided that the tender of such daily compensation shall be construed as furnishing transportation, and when such a tender is made by the school board the compulsory attendance law shall apply to all children of school age living more than two and one quarter miles and not to exceed five miles from school."

Subsection 4, chapter 206, Sess. Laws 1917, amending § 1342, reads as follows:

"If no school is taught the required length of time within two and one quarter miles from the residence of such child, by the nearest route, the school board or board of education *shall,* except in cases of consolidated schools, *pay for transportation* a sum of not less than twenty-five cents (25c) nor more than fifty cents (50c) per day to any one family living more than two and a quarter miles from the nearest school, . . . *or the board shall furnish transportation or the equivalent in lodging if acceptable to the family;* and when such transportation is furnished, the compulsory attendance law shall apply to all children of school age living more than two and one quarter miles and not to exceed six miles from school. . . ."

The history of § 1342 and its amendments is set out in the majority opinion. It is to be noted that the purpose underlying this legislation is to compel attendance of children at the public schools. Under the provisions of chapter 127, Sess. Laws 1915, and amendments, school boards in districts having consolidated schools are required to provide transportation for the children residing more than two and one half miles from school. Chapter 141, Sess. Laws 1915, above quoted, required school boards in other districts to pay not more than thirty-five cents (35c) nor less than fifteen cents (15c) per day to each family having children of school age who live more than two and one quarter miles from the nearest school, and upon a tender of such compensation to such families, the children thereof were required to attend school if living not more than 5 miles therefrom. The school boards were required to pay. They had no choice. They could not, in such case, provide vehicular transportation regardless of the number of families that might be served if such transportation were provided by

them.    Chapter 206, Sess. Laws 1917, above quoted, obviated any difficulty that might arise in this respect.    It provides that the school boards in other than districts having consolidated schools may, as their judgment dictates, either pay for transportation or furnish transportation, or, an equivalent in lodging if the latter shall be satisfactory to the family.    The school board must do one of these things.    The statute makes it optional which.    The only option permitted the family of any child or children is as to whether, if the school board sees fit to provide transportation, or an equivalent in lodging, they will take the latter.    It seems clear to me that this amendment was for the purpose of enabling the school board to exercise its judgment.    I cannot read into it any intention that a family should be excused from sending its children to school because the school board exercises its judgment and chooses to pay the family rather than provide the transportation.    It seems to me that too much force is given in the majority opinion to the use of the word "furnish," and not enough consideration given to the underlying purpose of the statute.

The school board must either pay or provide transportation or its equivalent in lodging.    If it pays, it performs its whole duty, and yet, construed as the majority opinion construes the statute in question, the family receiving the compensation need not send its children to school unless such family sees fit.    Certainly, such a result was not within the contemplation of the legislature.    The judgment of conviction was proper.    The application should be dismissed.