STATE OF NORTH DAKOTA, Respondent, v. FRANK KESSEL, Appellant.

(208 N. W. 845.)

**Schools and school districts — complaint charging failure to send children to school as required by law, and alleging facts constituting offense charging it to be contrary to form of statute and against the peace and dignity of state, sufficient.**

1. In a prosecution for violation of the compulsory attendance law, where

54 N. Dak.—6.

the complaint charged the defendant with failing to send children to school in compliance with the provisions of § 1342 of the Compiled Laws for 1913 and further alleged the facts constituting the offense and charged the same to be contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of North Dakota, the complaint is sufficient even though the specific statute referred to in the forepart had been amended.

**Schools and school districts — $2\frac{1}{4}$ miles from nearest school means $2\frac{1}{4}$ miles by nearest route.**

2. An allegation that the residence of the defendant and the children was within $2\frac{1}{4}$ miles of the school will be construed to mean $2\frac{1}{4}$ miles by the nearest route, where the proof must show, under the statute, that the residence was within $2\frac{1}{4}$ miles of the school "by the nearest route."

**Schools and school districts — evidence held to be sufficient to establish that residence of accused was within $2\frac{1}{4}$ miles of school by nearest route.**

3. The evidence is examined and it is held sufficient to establish the residence of the defendant to be within $2\frac{1}{4}$ miles of the school by the nearest route.

**Schools and school districts — in prosecution for violation of compulsory attendance law, it is not incumbent on state to negative excuse from duty imposed by statute.**

4. It is not incumbent on the state to negative, in the first instance, excuses from the duty imposed by statute or to negative the existence of facts upon which such excuses might be warranted, under a proviso of the act alleged to have been violated, where the absence of such excuses or facts is not a part of the definition of the offense.

Opinion filed April 24, 1926.

Criminal Law, 16 C. J. § 999 p. 531 n. 66. Schools and School Districts, 35 Cyc. p. 1123 n. 15, 16 New.

Appeal from the District Court of Billings County, *Lembke,* J. Affirmed.

*Murtha & Sturgeon,* for appellant.

The "nearest route" means the nearest public route or one which has been duly authorized or exists by law. Eastgate v. Osago School Dist., 1 N. D. 518.

*W. J. Ray* and *W. C. Crawford,* for respondent.

It is the generally recognized rule that when the facts are peculiarly within defendant's knowledge, the burden is upon such defendant to establish such facts. 16 C. J. p. 530, ¶ 998 and cases cited.

It is necessary, and the burden of proof is upon the defendant, to establish that the case comes within the exception in the statute, and the state is not required to establish such facts by direct proof. 16 C. J. p. 531, ¶ 999 and cases cited.

BIRDZELL, J. This is an appeal from a judgment convicting the defendant of the crime of unlawfully failing to send children of school age to school. The prosecution was instituted before a justice of the peace by the filing of a complaint. In drafting the complaint a blank printed form was used, in which is incorporated in print the charge that the defendant "did commit the crime of wilfully and unlawfully failing to send children of the ages of —— years over which the said defendant had control, to a public school, in compliance with the provisions of § 1342 of the Compiled Laws of North Dakota, 1913, committed as follows, to-wit:" (Here follow the allegations of fact.) It is urged that the complaint was demurrable and it is argued on this appeal that it does not state a public offense in that it alleges the offense as having been committed in the year 1924 and as being a violation of the provisions of § 1342 of the Compiled Laws for 1913; whereas, this section had been amended in 1915 (Laws 1915, chap. 141), and in 1917 (Laws 1917, chap. 206). We think there is no merit in this contention. The offense described in the complaint consists in the failure of the defendant to send six of his children of school age to school between the dates of October 6, 1924 and January 10, 1925, and such failure is charged to be "contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of North Dakota." The facts constituting the alleged offense are sufficiently stated and they are stated to be contrary to the statute in such case made and provided. These facts and the existence of a statute penalizing the defendant on account thereof are sufficient to constitute the offense. The complaint fulfills the requirements of the statutes governing informations or indictments. Comp. Laws 1913, §§ 10,685 and 10,693. See State v. Beck, 52 N. D. 391, 202 N. W. 857. The reference in the forepart of the complaint to a section of the statute that had been amended is clearly surplusage.

It is also contended that the complaint is defective in not alleging that there was a school within 2¼ miles of the defendant's house by the

nearest route. It is alleged that the residence of the defendant and the children was "within $2\frac{1}{4}$ miles of the aforesaid public schools." Section 1342, as amended (Sess. Laws 1917, chap. 206), requires every parent, guardian or other person who has control over any child between the ages of the seventh and fifteenth birthdays to send or take such child to the public school in each year during the entire time the public schools of such district are in session and makes provision excusing the performance of such duty under certain conditions, such as the child being taught in a parochial or private school; that it has already. acquired the branches of learning taught in the public schools; that it is necessary for the support of the family as officially determined, or that, owing to physical or mental condition, attendance is inexpedient and impracticable. Then it is declared that if no school is taught the required length of time within $2\frac{1}{4}$ miles from the residence of the child "by the nearest route," the school board shall pay for transportation at a certain rate to any family living more than $2\frac{1}{4}$ miles or shall furnish transportation or the equivalent in lodging, if acceptable to the family, and that when such transportation is furnished the compulsory attendance law shall apply to all children living more than $2\frac{1}{4}$ miles and not to exceed 6 miles from the school. We are of the opinion that under this statute a complaint is sufficient which charges the failure to send children within the statutory ages to school and which describes their residence as being within $2\frac{1}{4}$ miles of the school without adding the qualification "by the nearest route." The allegation, however, must be construed as meaning $2\frac{1}{4}$ miles by the nearest route, for, if the residence were more than $2\frac{1}{4}$ miles by the nearest route from the school, the compulsory attendance law is expressly not applicable unless transportation is furnished. State ex rel. Fried v. McDonald, 53 N. D. 723, 208 N. W. 99.

It is further argued that the evidence is insufficient to justify the verdict and the judgment of conviction. It is said that the evidence does not show or tend to show that there was a school within $2\frac{1}{4}$ miles by the nearest route, nor that the defendant's children were not attending a parochial school which was approved by the county superintendent, nor that they had not already acquired the branches of learning taught in the public schools of the district or that they had not completed the eighth grade prior to the filing of the complaint.

Upon the trial one Veigel, the county surveyor of Stark county, testified that he had made a survey from the residence of the defendant to the school; that the distance between the two along the trail was 10,400 feet or 1.97 miles. This testimony is clearly sufficient on the matter of distance, providing the trail referred to can be termed the nearest route. On this subject there is evidence to the effect that the locality is in general rough, it being in the badlands; that the section line roads are not laid out; that substantially all of the roads are "trails;" that the road or trail in question was as good as any other road in the township; that it was a fair badlands road. We think the evidence sufficiently established that a school was maintained within $2\frac{1}{4}$ miles of the home of the defendant by the nearest route.

The state introduced sufficient evidence to establish facts rendering the defendant and his children within the compulsory attendance law and involving prima facie the violation of that law. The law contemplates that circumstances excusing parents or guardians from the duties imposed shall be presented to the school board of the district who are given authority to excuse, where any one of the enumerated reasons exists, and whose actions are subject to appeal. These circumstances are set forth in a proviso and are not included in the definition of the offense. It is not incumbent on the state to negative, in the first instance, an excuse from the duty or to negative the existence of facts upon which an excuse might be warranted. State v. McDaniels, 49 N. D. 648, 192 N. W. 974; State v. Hand, 49 N. D. 677, 193 N. W. 148; 16 C. J. 531.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.