# STATE OF NORTH DAKOTA, Respondent, v. TOM LACY, Appellant.

(212 N. W. 442.)

**Intoxicating liquors — conviction supported by evidence.**

1. In a prosecution for the crime of engaging in the liquor traffic, the evidence is examined and *held* sufficient to support the judgment of conviction.

**Criminal law — evidence secured without legal justification — when admissible.**

2. Where one through a search and seizure made without legal justification obtains evidence tending to prove that the defendant committed an offense, such evidence is admissible.

Annotation.— (2) On admissibility of evidence obtained by illegal search and seizure, see annotation in 24 A.L.R. 1408; 32 A.L.R. 408; 41 A.L.R. 1145; 10 R. C. L. 933; 2 R. C. L. Supp. 1112; 4 R. C. L. Supp. 679; 5 R. C. L. Supp. 573; 6 R. C. L. Supp. 629.

Opinion filed February 14, 1927.

Criminal Law, 16 C. J. § 1110 p. 570 n. 90. Intoxicating Liquors, 33 C. J. § 447 p. 727 n. 24; § 483 p. 746 n. 54; § 541 p. 786 n. 44, 46; § 543 p. 788 n. 85.

Appeal from the District Court of Ward County, *Lowe,* J.

Affirmed.

*L. J. Palda, Jr., C. E. Brace,* and *Robert W. Palda,* for appellant.

"The damnable character of the bootleggers' business should not close our eyes to the mischief which will surely follow any attempt to destroy it by unwarranted methods, 'to press forward to a great principle by breaking through every other great principle that stands in the way of its establishment;—in short, to procure an eminent good by means. that are unlawful, is as little consonant to private morality as to public justice.' Sir William Scott, The LeLouis, 2 Dodson, Adm. 210, 257,. 165 Eng. Reprint, 1464, 1469." Carroll v. United States, 267 U. S. 132, 69 L. ed. 543, 555.

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer had (before the seizure) for belief that the contents of the automobile offend against the law." Ibid.

*George F. Shafer,* Attorney General, *K. E. Leighton,* Assistant Attorney General, and *H. E. Johnson,* State's Attorney, for respondent.

"It has long been established that the admissibility of evidence is not affected by the illegality of the means through which the party has been enabled to obtain the evidence. The illegality is by means. condoned; it is merely ignored." State v. Pauley, 49 N. D. 488, 192 N. W. 91.

CoLE, Dist. J. In this case Tom Lacy was convicted of violating the prohibition law and comes here on appeal, alleging several grounds why the cause should be reversed and a new trial granted. At the close of the case when the state rested the defendant also rested and put in no testimony and followed with a motion for an advised verdict, which was denied. He takes exceptions to instructions to the jury and alleges. a number of specifications of error as to the ruling on the admission or exclusion of testimony and other matters. The information upon which

the defendant was convicted reads as follows, in reference to the charge part:

"That heretofore, to-wit: On the 1st day of December, in the year of our Lord, One Thousand Nine Hundred and twenty-five, at the county of Ward, in said State of North Dakota, one Tom Lacy, late of the said county of Ward and state aforesaid, did commit the crime of engaging in the liquor traffic, committed as follows, to-wit: That at the said time and place the said Tom Lacy did wilfully, wrongfully, unlawfully and feloniously transport in a Ford sedan car intoxicating liquor, to-wit: alcohol, and that at the said time there was in session in Ward county, North Dakota, a regular term of the district court of the fifth judicial district, and a jury in attendance at said court, the Hon. A. G. Burr, Judge, presiding. That the defendant did on the 10th day of November, 1923, plead guilty in the district court of Ward county, North Dakota, to the charge of keeping and maintaining a common nuisance, and that in pursuance to such plea, he was sentenced on the first day of December, 1923, by the said district court to ninety days in jail, $200 fine and costs of the said action. That the defendant has served the time so imposed upon him, and has paid his fine and costs."

And then follows the usual allegation that it is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of North Dakota.

Under the ruling of the trial court the conviction of the defendant was held not to be for a second offense, nor a felony, but merely a conviction for a misdemeanor. When the case was argued before this court, the attorney for the appellant laid stress, among other things, upon the fact that, although the defendant might have had alcohol in the can that was testified to, it might have been alcohol for purposes that the statute permits certain persons to have, if it be of the kind and for the purpose permitted by statute. This, in substance, seemed to present the view of the appellant that the state, in order to prove a case, would have to prove that the alcohol, if it were alcohol, was such as was not among the excepted kinds provided for in the statute or permitted under its several different provisions. In other words, the appellant contends that the burden of the negative is upon the state and not upon the defendant. It may be said, however, that the liquor traffic is an outlaw under the constitution and laws of this state and under the

statutes enacted pursuant to the 18th Amendment to the Federal Constitution. So where one is charged with a violation of the prohibitory laws, if, in fact he belongs to any of the excepted classes having liquor for excepted purposes, or the liquors in question are any of the excepted sorts, these are purely defensive matters and the burden is upon the defendant to exempt himself by proof from the penalty that would follow a violation of the law. See State v. McDaniels, 49 N. D. 648, 192 N. W. 974; State v. Schuck, 51 N. D. 875, 201 N. W. 342; State v. Cook, 53 N. D. 429, 206 N. W. 786; State v. Cook, 53 N. D. 756, 208 N. W. 556.

The appellant also alleges several errors in reference to the admission of evidence, which we have carefully examined, and find to be unwarranted.

The motion for an advised verdict was properly denied as an examination of the entire testimony in the trial discloses that it fairly presented a question for the jury to determine as a matter of fact as to whether or not the defendant did have in his possession alcohol in violation of the law of the state.

A motion for a new trial followed in due time which was denied and this also is alleged as error. We have examined the entire record and hold that the motion for a new trial was properly denied. In connection with the argument in this court, the appellant laid great stress upon an alleged assault upon the defendant by the man Wright, who was the principal witness in the case, claiming that he proceeded to take into custody the defendant by assault, and without any warrant or authority for so doing. In connection with this claim the following testimony of Mr. Wright is quoted:

Q. How did you happen to see him?

A. I was going up town from home. I was at the street intersection when I saw the car go past in front of me.

Q. What did you see him do?

A. I recognized him, and he drove up to a curb in front of his house and as he got out of his car I was at the rear of Quale's grocery.

Q. What did you do then?

A. He got out of the car, he had a sweater jacket and under this

pocket (indicating) he had a tin can sticking out of the pocket under his left arm.

Q. When was it that you first saw that tin can?

A. As he stepped out of the car at the curb.

Q. About how far were you from him at the time you saw him with this tin can?

A. Well, about thirty feet, maybe thirty-five feet, something like that.

Q. And then what followed?

A. I told him to stop, and he started to run to the house, and I intercepted him when he run to the house and told him I was an officer and wanted that can.

Q. And then what did you do?

This question was objected to by the attorney for the appellant and the attorney asked leave of the court to ask some questions for the purpose of laying a foundation for an objection, which were as follows:

Q. Mr. Wright, you are not the deputy sheriff of this county, are you?

A. No.

Q. You are not a police officer?

A. No.

Q. Did you have any warrant for Mr. Lacy's arrest or search warrant?

A. No.

Q. Did you have any papers of any kind to serve on him?

A. No, sir.

Q. And by claim of officer, you mean as prohibition agent of the federal government?

A. Yes.

Then the attorney for the appellant again objected to the testimony of the witness Wright, as being incompetent, irrelevant and immaterial, no foundation laid, and on the further ground that the witness was not such an officer as entitled him to stop anyone on foot or to pretend to make any search of the defendant. The objection was overruled, and as we think, properly so. Then the state's attorney continued to inquire as follows:

Q. Go ahead, Mr. Wright, and tell what followed?

A. I grabbed him, threw him to the ground in front of the house and went down. I went down on top of him and I started to take his can away from him.

Q. You had some conversation away from him?

A. I told him two or three times I was an officer and he better stop and deliver the can.

Q. Did he deliver the can to you?

A. No, he did not.

Q. Go ahead and tell what followed?

A. He went down with the can on his left side. I reached to get the can out from under him; he called for Clyde, his brother. He was home, eight feet from the front door of the house in the yard of the house. I was working this can from under him to get possession of it when his brother came out and piled on.

Q. And then what happened?

A. Well, his brother got the can away from him. I was down with my right arm under Tom (meaning the defendant) all I could do was to turn around and see where Clyde turned with the can, he ran to an iron pile and threw the can on an old threshing cylinder, and then picked the can up and went around to the corner of the house and I did not see him. Mr. Lee was there at the time. I got up and took Tom and subdued him and started up to the walk. I took them both up to the walk and told Mr. Lee to call the sheriff and I had both of them out on the sidewalk.

In this connection appellant insists that Wright was not armed with a warrant of arrest or a search warrant and that his acts in arresting appellant and in searching appellant's premises were therefore unlawful; that all that was done was contrary to the appellant's constitutional rights as guaranteed by § 18 of the Constitution of the state of North Dakota, and any evidence thus obtained was inadmissible. The appellant in support of this contention invokes the rule followed by the federal courts and by various of the state courts. See Agnello v. United States, 269 U. S. 20, 70 L. ed. 145, 46 Sup. Ct. Rep. 4; State v. Wills, 24 A.L.R. 1398, and note (91 W. Va. 659, 114 S. E. 261). This court, however, has heretofore ruled adversely to appellant's contention in this respect. See State v. Pauley, 49 N. D. 488, 192 N. W. 91;

State v. Fahn, 53 N. D. 203, 205 N. W. 67. In any event Wright was not an officer of the state of North Dakota, and though his search and seizure were without legal justification, nevertheless, even under the federal rule on which appellant relies, the evidence would have been admissible in a prosecution in the state courts. See Weeks v. United States, 232 U. S. 383, 58 L. ed. 652, L.R.A.1915B, 834, 34 Sup. Ct. Rep. 341, Ann. Cas. 1915C, 1177; Kanellos v. United States (C. C. A. 4th) 282 Fed. 461; Youngblood v. United States (C. C. 8th) 266 Fed. 795; Timonen v. United States (C. C. A. 6th) 286 Fed. 935; Epstein v. United States (C. C. A. 4th) 284 Fed. 567. And in view of the facts as disclosed by the record in the instant case see also Carroll v. United States, 267 U. S. 132, 69 L. ed. 543, 39 A.L.R. 790, 45 Sup. Ct. Rep. 280; Hester v. United States, 265 U. S. 57, 68 L. ed. 898, 44 Sup. Ct. Rep. 445.; Jones v. United States (C. C. A. 4th) 296 Fed. 632.

Then there were further questions as to whether the can was found and other matters in connection therewith, and as to where it was found and the contents thereof, and the smell of alcohol and the tracing of the smell of alcohol, back to the point where the struggle occurred, or near there. It may also be noted that this struggle was going on at dusk or when it was getting dusk.

The appellant also strenuously argues that there is no proper evidence in the record establishing that the contents of the can in question was in fact alcohol. It appears that the state submitted a sample of the liquid contained in the can to a chemist for analysis, and that such chemist was not called as a witness by the state. The only witness who testified as to the contents of the can was one Spicher. Spicher's testimony was that the liquid was alcohol; that he knew it was alcohol by its odor; that he knew the odor of alcohol by the many times he had smelled it. In view of these facts appellant contends that the evidence of the chemist who analyzed the liquid would have been the best evidence and that therefore Spicher's testimony was not properly admissible, and, in any event, was not sufficient to sustain the verdict of conviction. We cannot agree with appellant in this respect. A chemical analysis might have been more satisfactory, but the question of weight and credibility was for the jury. The jury were satisfied

with the testimony of Spicher as is evidenced by their verdict. See State v. Fahn, supra.

We find no prejudicial error, and it is not necessary to discuss the case at any length, the record being so clear and the law so well settled. However, it is proper to suggest in this connection that since there are so many violations of the prohibition law, prosecuting attorneys should use more care and diligence in preparing and trying their cases so that this court may be relieved from a great deal of unnecessary work through having causes brought before it on mere technicalities.

The verdict of conviction in this case is in all things affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, NUESSLE, and BURKE, JJ., concur.

BURR, J., being disqualified, did not participate; Honorable A. T. COLE, Judge of the First Judicial District, sitting in his stead.