THE STATE OF KANSAS v. GEORGE EBERLINE.

1. EVIDENCE — *No Error.*  The evidence examined, and found, that no error was committed in excluding certain testimony.

2. WITNESS — *Character.*  While evidence of a witness's bad character for veracity is admissible, such inquiry must be confined to the character of such witness for truth and veracity.

3. INSTRUCTIONS — *No Error.*  Instructions given and refused considered, and found that no error was committed.

*Appeal from Johnson District Court.*

THE opinion states the case.

*John T. Little,* and *I. O. Pickering,* for appellant.

*John N. Ives,* attorney general, and *S. D. Scott,* county attorney, for The State; *F. R. Ogg,* of counsel.

Opinion by GREEN, C.: This was a criminal prosecution, under § 31 of the crimes act.  The defendant was charged with carnally knowing Sallie Eberline, *alias* Sallie Fahner, a female child under the age of eighteen years.  He was convicted in the district court of Johnson county at the January term, 1891, and sentenced to the penitentiary for a term of six years.  He appeals from that judgment and sentence to this court, and the following errors are assigned: First, it is

claimed by the appellant that there was a conspiracy formed to send him to the penitentiary, and that this fact could have been established to the satisfaction of the jury, had the court below permitted the evidence to go to the jury. Second, that it was competent for the defendant to show the general reputation of the prosecutrix for virtue and chastity, but that the court refused to permit such evidence to go to the jury, even for the purpose of affecting the weight of her evidence. Third, that the court erred in refusing the fourth, fifth and sixth instructions requested by the appellant. These errors we shall consider in their order.

I. There was no evidence upon the part of the state tending to show any conspiracy. Upon cross-examination of the prosecutrix, she was asked if she had not talked with a man by the name of Snell about this case, and the state interposed an objection, which was sustained by the court, and this is assigned as error. This evidence was immaterial. The witness denied that there had been any effort upon the part of her mother, Snell or herself to injure the defendant; and any conversation she may have had with Snell about the case was irrelevant. Snell was not a witness, and if the defendant had desired to establish some foundation for a conspiracy, he should have asked more specific questions.

II. It is insisted that it was competent for the defendant to prove the general reputation of the prosecutrix for chastity and virtue, not as a justification or an excuse for the crime, but for the purpose of affecting her evidence. We do not so understand the rule. While evidence of a witness's bad character for veracity is admissible, the inquiry in such a case as this must be confined to the witness's character for truth and veracity. (*Taylor v. Clendening*, 4 Kas. 525; 3 Am. & Eng. Encyc. of Law, 117, and authorities there cited.)

III. We have examined the instructions given by the court, and also those refused, and also the observations of counsel concerning them. The fourth instruction asked and refused was covered by the fourth paragraph of the general charge of

the court. The fifth instruction requested by the defendant did not state the rule correctly. It was not necessary for the state to prove force under § 31 of the crimes act, and the fact that the prosecutrix claimed that force was used was wholly immaterial. The refusal of the court to give the sixth instruction asked for was no ground for error. The court had told the jury, in the second paragraph of its charge, that carnally and unlawfully knowing a female under the age of 18 years constituted the crime with which the defendant was charged. The prosecutrix had testified that the defendant had had sexual intercourse with her. The language of the court and the statements of the prosecutrix could not have been misunderstood. The words used have a well-defined and understood meaning, and there could be no question but that the jury understood what was meant.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.