# STATE OF NORTH DAKOTA, Respondent, v. MIKE FAHN, Appellant.

### (205 N. W. 67.)

**Criminal law — sufficiency of evidence not considered, where not challenged either by motion for advised verdict, or by motion for new trial.**

1. Where in a criminal action the sufficiency of the evidence to sustain a verdict is not challenged either by motion for an advised verdict, or after verdict, by motion for a new trial, the question cannot be considered on appeal.

**Criminal law — witness, with experience in drinking intoxicating liquor, held competent to testify to alcoholic intoxicating character of liquor which he tasted.**

2. A witness who has drunk intoxicating liquor, is acquainted with its smell, and knows its effects, is competent to testify to the alcoholic and intoxicating character of a liquid which he has tasted.

**Searches and seizures — limitations imposed by 4th Amendment do not apply to several states.**

3. The limitations imposed by the Fourth Amendment to the Constitution of the United States apply only to the Federal government and are not limitations upon the several states.

**Criminal law — admissibility of evidence in criminal action held not affected by illegality of means through which it was obtained.**

4. The admissibility of evidence in a criminal action is not affected by the illegality of the means through which it was obtained, even though such illegality arises by reason of violation of § 18 of the Constitution of the state of North Dakota, guaranteeing the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures.

Opinion filed August 4, 1925. Rehearing denied September 14, 1925.

Criminal Law, 16 C. J. § 1110 p. 570 n. 84, 90; p. 571 n. 93; § 1538 p. 751 n. 88; § 2290 p. 929 n. 86; § 2291 p. 930 n. 93; 17 C. J. § 3331 p. 59 n. 41; § 3349 p. 87 n. 43; § 3350 p. 89 n. 67. Searches and Seizures, 35 Cyc. p. 1269 n. 41.

---

Note.— (3) For Federal Constitution as a limitation upon the powers of the states in respect of search and seizure, see annotation in 19 A.L.R. 644; 24 R. C. L. 702 et seq.; 3 R. C. L. Supp. 1282; 4 R. C. L. Supp. 1551; 5 R. C. L. Supp. 1294.

(4) On admissibility of evidence obtained by illegal search and seizure, see annotation in 24 A.L.R. 1408; 32 A.L.R. 408; 41 A.L.R. 1145; 59 L.R.A. 465; 8 L.R.A.(N.S.) 762; 34 L.R.A.(N.S.) 58; L.R.A.1915B, 834; L.R.A.1916E, 715; 8 R. C. L. 194 et seq.; 2 R. C. L. Supp. 571; 4 R. C. L. Supp. 533; 5 R. C. L. Supp. 454.

Appeal from the District Court of Ramsey County, *Cooley, J.*
Affirmed.

*Cuthbert & Adamson,* for appellant.

The constitutional provisions are paramount. State v. Jokosh (Wis.) 193 N. W. 976.

An unreasonable search is an examination or inspection without authority of law of one's premises or person with a view to the discovery of stolen, contraband, or illicit property or for some evidence of guilt to be used in the prosecution of a criminal action. 24 R. C. L. 717.

A search must be lawful in its entirety. It is not made lawful by what is ascertained after it is made. United States v. Slusser, 270 Fed. 818.

The state having through its executive officers produced the evidence of a violation of the law by one of its citizens by means prohibited by the Constitution cannot be permitted through its judicial tribunal to utilize the wrong thus committed against the citizen to punish the citizen for his wrong. Hughes v. State, 145 Tenn. 544, 20 A.L.R. 639, 238 S. W. 588.

Where defendant is charged with unlawfully having moonshine liquor in his possession, if the liquor or evidence of defendant's possession thereof has been secured through an unlawful search of his person without a warrant for his arrest, neither the liquor so seized nor the evidence of the possession thereof, so acquired, is admissible against him in a prosecution for the alleged offense. State v. Wills. — W. Va. —, 24 A.L.R. 1417; State v. Davis, — Mo. —, 32 Am. St. Rep. 643; Boyd v. United States, 116 U. S. 616; 2 Story, Const. § 1901; Cooley, Const. Lim. 299; Cooley, Const. Law, 220; 2 Hare, Am. Const. Law, 830.

*H. W. Swenson* and *S. W. Thompson,* for respondent.

Even though it should be conceded that the seizure of these instrumentalities by the officers was unreasonable and violatory of defendant's constitutional rights against unlawful search and seizure, it does not follow that the testimony of the officers or introduction as evidence of such instrumentalities compels the defendant in a criminal case to be a witness against himself. State v. Pauley, 192 N. W. 91.

It has long been established that the admissibility of evidence is not affected by the illegality of the means through which the party has been

enabled to obtain the evidence, the illegality is by no means condoned, it is merely ignored. Wigmore on Evidence.

While it is true that the search of a defendant without legal justification is a trespass, and an indictable misdemeanor, there is no principle or theory upon which the state may be deprived of the right to employ the evidence of a criminal offense thus obtained. The law appoints the remedy for the redress of the wrong, but the exclusion of the evidence criminating the defendant is not within the scope of the remedy, or the measure of redress. 8 R. C. L. 196, § 193.

Evidence which is pertinent to the issue is admissible although it may have been procured in an irregular or even an illegal manner. Com. v. Tibbetts, 157 Mass. 519.

The use as evidence of incriminating articles unlawfully taken from the possession of the accused, does not compel him to be a witness against himself within the inhibition of the state Constitution. State v. Pluth, 195 N. W. 789.

NUESSLE, J. Mike Fahn was convicted on a charge of unlawfully having possession of intoxicating liquor. From the judgment of conviction he perfected the present appeal.

The record discloses the following facts: On August 11th, 1924, an affidavit was made before a justice of the peace of Ramsey county, for a search warrant to be issued under the provisions of chapter 97, Sess. Laws, 1921. A purported search warrant was issued by the justice directing the search of certain premises owned and in the possession of Mike Fahn, the defendant. On this appeal, the state concedes that this warrant was not in proper form and was void. No search was made until September 4th, 1924. On that day, the sheriff and his deputies went to the dwelling house of the defendant. The sheriff had no warrant for the arrest of the defendant. The defendant was not at home. His wife, however, was there. She came to the door of the house and the sheriff informed her that he wished to search the premises. He did not produce the search warrant or serve it upon her, nor exhibit it to her. She offered no objection and he entered the house. He went down cellar and there discovered a still in operation and also found several vessels containing moonshine alcohol. This still and the liquor were seized and taken into possession by the sheriff.

He made a return on the purported search warrant showing the property found and seized. Thereafter the defendant was arrested, informed against for unlawfully having possession of intoxicating liquor, tried, and convicted. On September 20th, 1924, the defendant made a motion in the district court of Ramsey county for an order in advance of the trial, barring the state from offering in evidence on the trial of the defendant any of the articles enumerated in the sheriff's return. In support of this motion, the defendant contended that the search warrant was illegal, and that the sheriff had obtained possession of the liquor and apparatus while unlawfully upon the premises, in violation of the constitutional rights of the defendant as against unreasonable searches and seizures as guaranteed by both the 4th Amendment to the Constitution of the United States and § 18 of the Constitution of the state of North Dakota. This motion was denied. Subsequently, on the trial of the cause, the liquor found and seized by the sheriff was offered in evidence over objection on the part of the defendant. No evidence was offered on behalf of the defendant. No motion was made at the close of the case challenging the sufficiency of the evidence to sustain a verdict of guilty, and no motion for a new trial was made.

On this appeal, the defendant assigns four grounds for reversal. (1) Error of the court in denying the defendant's motion to suppress the evidence. (2) Error in not setting aside the verdict and in entering judgment thereon. (3) Error in overruling his objections to the introduction in evidence of the exhibits. (4) The insufficiency of the evidence to sustain the verdict.

It is to be noted that the sufficiency of the evidence to sustain the verdict was not challenged either by motion for a directed verdict or after verdict by motion for a new trial. It is therefore plain that the question of the sufficiency of the evidence cannot be considered on this appeal. See State v. Glass, 29 N. D. 620, 151 N. W. 229, and authorities cited. See also 17 C. J. p. 59.

· The defendant predicates error on account of the admission in evidence of the liquor seized over his objection that no foundation had been laid therefor in that the testimony as to its character was purely a conclusion of the witness. He insists that it does not appear from the record, except inferentially, that the liquor was alcoholic and intoxicating and that it was fit for beverage purposes. It appears, however,

that the state's witness, Rutten, testified that he had drunk intoxicating liquor, and knew its effects; that he was acquainted with the smell of intoxicating liquor; that he had tasted the liquor offered in evidence and that it was an alcoholic mixture fit for beverage purposes and was intoxicating. We think that with this foundation the evidence was admissible. The testimony of Rutten was not vulnerable to the objection that it was merely a conclusion. In a sense it was a conclusion, just as every statement of facts, knowledge of which is acquired through the senses, is a conclusion. A chemical analysis might have been more satisfactory, but the questions of weight and credibility were for the jury.

The first and second assignments of error remain for consideration. They are aimed at the same proposition, that is, that the search was under a void warrant; that it was illegal and in contravention of both the 4th Amendment to the Constitution of the United States and of § 18 of the Constitution of the state of North Dakota.

Of course, in this case, the prosecution being under a statute of the state of North Dakota, the defendant is not in a position to invoke the provisions of the 4th Amendment to the Constitution of the United States. That applies only to Federal actions and is not concerned with state actions. See Minneapolis & St. L. R. Co. v. Bombolis, 241 U. S. 211, 60 L. ed. 961, L.R.A.1917A, 86, 36 Sup. Ct. Rep. 595, Ann. Cas. 1916E, 505, and cases cited; Hoyer v. State, 180 Wis. 407, 27 A.L.R. 673, 193 N. W. 89; State v. Brennan, 2 S. D. 384, 50 N. W. 625.

There remains then the single question as to whether under § 18 of the Constitution of the state of North Dakota the evidence procured by the sheriff on the search and seizure was properly admissible, the search warrant being concededly invalid, and the defendant having made timely application to suppress the evidence.

Section 18 of the Constitution of the state of North Dakota contains the same guaranties and is practically identical in language with the 4th Amendment to the Constitution of the United States. There are many cases in the books touching the question here for consideration, but there is a wide divergence among them. The United States courts following the case of Boyd v. United States, 116 U. S. 616, 29 L. ed. 746, 6 Sup. Ct. Rep. 524, with variations, hold that evidence

seized on an unlawful search where properly objected to is inadmissible.   See Adams v. New York, 192 U. S. 585, 48 L. ed. 575, 24 Sup. Ct. Rep. 372; Holt v. United States, 218 U. S. 245, 54 L. ed. 1021, 31 Sup. Ct. Rep. 2, 20 Ann. Cas. 1138; Gouled v. United States, 255 U. S. 298, 65 L. ed. 647, 41 Sup. Ct. Rep. 261; Amos v. United States, 255 U. S. 313, 65 L. ed. 654, 41 Sup. Ct. Rep. 266; Weeks v. United States, 232 U. S. 383, 58 L. ed. 652, L.R.A.1915B, 834, 34 Sup. Ct. Rep. 341, Ann. Cas. 1915C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 64 L. ed. 319, 24 A.L.R. 1426, 40 Sup. Ct. Rep. 182.   For statements of these cases, see the opinion of Chief Justice Taft in Carroll v. United States, 267 U. S. 132, 69 L. ed. 543, 39 A.L.R. 790, 45 Sup. Ct. Rep. 280.   Various of the state courts have likewise followed the rule thus enunciated and defined. See People v. Marxhausen, 204 Mich. 559, 3 A.L.R. 1505, 171 N. W. 557; People v. Dorrington, 221 Mich. 571, 191 N. W. 831; (compare People v. Case, 220 Mich. 379, 27 A.L.R. 686, 190 N. W. 289; People v. De Cesare, 220 Mich. 417, 190 N. W. 302); Tucker v. State, 128 Miss. 211, 24 A.L.R. 1377, 90 So. 845; Hughes v. State, 145 Tenn. 544, 20 A.L.R. 639, 238 S. W. 588; Youman v. Com. 189 Ky. 152, 13 A.L.R. 1303, 224 S. W. 860; State v. Peterson, 27 Wyo. 185, 13 A.L.R. 1284, 194 Pac. 342; Hoyer v. State, supra.

Nearly all of the state courts, however, have refused to follow the Federal rule.   These courts hold that the admissibility of evidence is not affected by the illegality of the means through which it was obtained, even though illegal because of violation of a constitutional provision forbidding unreasonable searches and seizures.   See Banks v. State, 207 Ala. 179, 24 A.L.R. 1359, 93 So. 293; Argetakis v. State, 24 Ariz. 599, 212 Pac. 372; Venable v. State, 156 Ark. 564, 246 S. W. 860; People v. Mayen, 188 Cal. 237, 24 A.L.R. 1383, 205 Pac. 435; Pasch v. People, 72 Colo. 92, 209 Pac. 639; State v. Magnano, 97 Conn. 543, 117 Atl. 550; State v. Chuchola, — Del. —, 120 Atl. 212; Kennemer v. State, 154 Ga. 139, 113 S. E. 551; Williams v. State, 100 Ga. 511, 39 L.R.A. 269, 28 S. E. 624; State v. Tonn, 195 Iowa, 94, 191 N. W. 530; Gindrat v. People, 138 Ill. 103, 27 N. E. 1085; State v. Creel, 152 La. 888, 94 So. 433; Com. v. Wilkins, 243 Mass. 356, 138 N. E. 11; State v. Pluth, 157 Minn. 145, 195 N. W.

789; State v. Graham, 295 Mo. 695, 247 S. W. 194; Billings v. State, 109 Neb. 596, 191 N. W. 721; State v. Barela, 23 N. M. 395, L.R.A. 1918B, 844, 168 Pac. 545; People v. Esposito, 118 Misc. 867, 194 N. Y. Supp. 326; State v. Campbell, 182 N. C. 911, 110 S. E. 86; State v. Simmons, 183 N. C. 684, 110 S. E. 591; Sioux Falls v. Walser, 45 S. D. 417, 187 N. W. 821; Welcheck v. State, 93 Tex. Crim. Rep. 271, 247 S. W. 524; Lucchesi v. Com. 122 Va. 872, 94 S. E. 925; State v. Krinski, 78 Vt. 162, 62 Atl. 37; State v. Turner, 82 Kan. 787, 109 Pac. 654, 32 L.R.A.(N.S.) 772, 136 Am. St. Rep. 129 and note; State v. Fuller, 34 Mont. 12, 85 Pac. 369, 8 L.R.A. (N.S.) 762, 9 Ann. Cas. 649 and note. See also 4 Wigmore, Ev. § 2183, et seq.; 1 Greenl. Ev. § 254a.

This court gave some consideration to the question here involved in the case of State v. Pauley, 49 N. D. 488, 192 N. W. 91, and what was said in the majority opinion there is decisive of the instant case. The defendant insists, however, that what was said in the case of State v. Pauley, supra, was obiter, and so cannot be considered as authority on the proposition. The instant case is almost identical in its facts with the Pauley Case. The only possible distinction that can be claimed between the two cases is that in the instant case, the defendant, prior to the trial made application to suppress the evidence obtained while no such motion was made in the Pauley Case. We think that this is no real distinction. The motion was to suppress and not for a return of the property. Apparently defendant laid no claim to the property—indeed he could have none, for its possession was proscribed. Whether the legality of the seizure was challenged by motion before the trial was begun, or after by objection to introduction in evidence can make no difference—the question was and remained wholly collateral. As was said by Chief Justice Rugg in Com. v. Wilkins, 243 Mass. 356, 138 N. E. 11, supra:

"It is a generally recognized principle of the law of evidence that courts do not pause in the trial of cases to investigate whether physical evidence, such as intoxicating liquors kept, carried or sold contrary to law, was obtained lawfully or unlawfully. That is regarded as a collateral inquiry. The only matter considered by the court is whether such evidence is pertinent to the issue. Courts do not impose an indirect penalty upon competent evidence because of illegality in obtain-

ing it. An ordinary police officer is not regarded as the agent of government if he acts outside the scope of his authority in seizing tangible evidence of crime. He does not carry with him the support of the government, but incurs personal liability if he fails to keep within the bounds of his duty. Outside those bounds he has no more color of authority than a private individual. Whether he commits a crime or a civil wrong, the offending officer alone is responsible. For the misconduct of a private individual the government is not answerable. He may be brought to court to answer for his wrong either civilly or criminally. But his misconduct ought not to hamper the government in the enforcement of laws and the preservation of order. The wrong committed in seizing the liquor without a warrant was a transaction by itself. It has no necessary connection with its subsequent use as evidence."

See also People v. Mayen, 188 Cal. 237, 24 A.L.R. 1383, 205 Pac. 435, supra; Wigmore, Ev. § 2184.

Even those courts committed to the Federal holding recognize the general rule that the admissibility of evidence is not affected by the illegality of the means through which it was obtained. They refuse to apply this rule, however, where the illegality arises by reason of a violation by governmental agencies of the constitutional provision against unreasonable searches and seizures. See Burdeau v. McDowell, 256 U. S. 465, 65 L. ed. 1048, 13 A.L.R. 1159, 41 Sup. Ct. Rep. 574; Hughes v. State, 145 Tenn. 544, 20 A.L.R. 639, 238 S. W. 588, supra. Consistent with this holding, if in the instant case the defendant's contention be sustained, and the evidence in question be held incompetent and inadmissible herein, nevertheless, it will be competent and admissible against the defendant in a prosecution in the Federal court based on the same facts. See Weeks v. United States, 232 U. S. 383, 58 L. ed. 652, L.R.A.1915B, 834, 34 Sup. Ct. Rep. 341, Ann. Cas. 1915C, 1177, supra; Kanellos v. United States (C. C. A. 4th) 282 Fed. 461; Youngblood v. United States (C. C. A. 8th) 266 Fed. 795; Timonen v. United States (C. C. A. 6th) 286 Fed. 935; Epstein v. United States (C. C. A. 4th) 284 Fed. 567. The effect of such a distinction is such, that if one, not an officer, enters the house of another though unlawfully and with felonious intent, he may testify as to what he sees and hears therein, and any property that he may unlawfully appropriate

which is otherwise relevant is admissible in evidence in a criminal prosecution against the owner of the house. But if he who enters the house be an officer, the fact that his entry is unlawful, however lawful his intent, closes his eyes and ears and seals his lips and so defiles any property he may seize as to render it abhorrent to and outlawed in a court of justice. If on his unlawful entry he discover evidence of a crime, however heinous it may be, the courts cannot avail themselves of the facts thus discovered by him. If he seize a bootlegger's still, a murderer's knife, or an anarchist's bomb, though the still be dripping, the knife wet, and the time fuse set, they may not be received in evidence, but must be returned to the owner on his application. We cannot subscribe to such a distinction. The history of the law does not justify it. The state and society are not to be thus penalized by the courts on account of the injudicious or unlawful acts of an individual. While § 18 of the Constitution forbids unreasonable searches and seizures, it does not penalize the doing of the forbidden acts. There is no word in it declaring that evidence obtained through its violation shall be incompetent and inadmissible in a criminal prosecution against him whose rights as thus guaranteed have been infringed upon. Neither has the legislature enacted any statute providing that such evidence so obtained shall be incompetent. We cannot do better than here quote from Williams v. State, 100 Ga. 511, 39 L.R.A. 269, 28 S. E. 624, supra:

"As we understand it, the main, if not the sole, purpose of our constitutional inhibitions against unreasonable searches and seizures, was to place ·a salutary restriction upon the powers of government. That is to say, we believe the framers of the Constitutions of the United States and of this and other states merely sought to provide against any attempt, by legislation or otherwise, to authorize, justify, or declare lawful, any unreasonable search or seizure. This wise restriction was intended to operate upon legislative bodies, so as to render ineffectual any effort to legalize by statute what the people expressly stipulated could in no event be made lawful; upon executives, so that no law violative of this constitutional inhibition should ever be enforced; and upon the judiciary, so as to render it the duty of the courts to denounce as unlawful every unreasonable search and seizure, whether confessedly without any color of authority, or sought to be justified

under the guise of legislative sanction. For the misconduct of private persons, acting upon their individual responsibility and of their own volition, surely none of the three divisions of government is responsible. If an official, or a mere petty agent of the state, exceeds or abuses the authority with which he is clothed, he is to be deemed as acting not for the state, but for himself only; and therefore, he alone, and not the state, should be held accountable for his acts. If the constitutional rights of a citizen are invaded by a mere individual, the most that any branch of government can do is to afford the citizen such redress as is possible, and bring the wrongdoer to account for his unlawful conduct. The office of the Federal and state Constitutions is simply to create and declare these rights. To the legislative branch of government is confided the power, and upon that branch alone devolves the duty, of framing such remedial laws as are best calculated to protect the citizen in the enjoyment of such rights, and as will render the same a real, and not an empty, blessing. With faithfully enforcing such laws as are thus provided the responsibility devolving upon the executive and judicial branches must necessarily end. We know of no law in Georgia which renders inadmissible in evidence the fruits of an illegal and wrongful search and seizure, nor are we aware of any statute from which it could be logically gathered that the admission of such evidence violates any recognized principle of public policy. Whether or not prohibiting the courts from receiving evidence of this character would have any practical and salutary effect in discouraging unreasonable searches and seizures; and thus tend towards the preservation of the citizen's constitutional right to immunity therefrom, is a matter for legislative determination."

The record discloses no prejudicial error and the judgment of conviction must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.