[File No. Cr. 155.]

STATE OF NORTH DAKOTA, Respondent, v. WALTER G. JOHNSON, Appellant.

(278 N. W. 241.)

Opinion filed February 23, 1938.

*Henry E. Johnson,* for appellant.

*Alvin C. Strutz,* Attorney General, *Milton K. Higgins,* Assistant Attorney General, *Roy A. Ilvedson,* State's Attorney, and *B. A. Dickinson,* Assistant State's Attorney, for respondent.

238

Holt, Dist. J. In this case a criminal information was filed against the defendant by the state's attorney of Ward county for violation of § 19, subd. c, chap. 160, Session Laws of 1933. The action was tried in the county court of Ward county, the defendant was found guilty of a violation of said statute, and appeals from the judgment of conviction.

He specifies error as follows:

"1. The court erred in overruling the defendant's Motion for Dismissal of this action, which Motion was made on the ground and for the reason that under the stipulated and admitted facts the defendant was not guilty of any crime.

"2. The court erred in finding the defendant guilty of the crime of operating a motor vehicle in violation of law, as charged in the Amended Information filed in the said Court.

"3. The court erred in entering judgment of conviction against the defendant.

"4. The court erred in overruling the defendant's motion for arrest of judgment and dismissal of the action after judgment of conviction had been entered."

The principal contention of the appellant on the argument is that

the evidence is insufficient to sustain the conviction. No statement of case was settled containing the proceedings had and the evidence adduced upon the trial. There was no motion for a new trial. The record contains an affidavit by the defendant and a stipulation of counsel attached thereto to the effect:

"That a jury trial be waived in the matter of the State of North Dakota v. Walter G. Johnson, and that the court may render its decision as to the guilt or innocence of the defendant and that the facts stated in the above affidavit of Walter Johnson are material facts in issue and may be considered by the court as the facts of this case. Also that defendant was driving his automobile on highways of Ward county on November 26, 1937, in the course of his employment, as set out in his affidavit."

Judgment of conviction was rendered November 27, 1937, and the defendant was sentenced on December 1, 1937. There is attached to the record as certified to this court what is denominated an additional stipulation of facts signed by the assistant state's attorney and the attorney for the defendant. This additional stipulation of facts is dated December 2, 1937, the day after sentence was pronounced.

Every reasonable presumption is in favor of the correctness of a judgment. When a defendant in a criminal action claims that a judgment of conviction is contrary to the evidence he must present to the Supreme Court a record affirmatively showing error.

"The appellate court will only consider the errors which are urged before it and specifically pointed out and the review is confined to matters or objections urged below. 11 C. J. 221. It is a well-settled rule of general application that 'an appellate court will indulge all reasonable presumptions in favor of the correctness of the judgment, order, or decree from which the appeal is taken. In other words it will be presumed on appeal, in the absence of a contrary showing, that the trial court acted correctly and did not err. Indeed error is never presumed on appeal, but must be affirmatively shown by the record; and the burden of so showing it is on the party alleging it, or as sometimes stated, the burden of showing error affirmatively is upon the appellant or plaintiff in error.' 4 C. J. 731–733. See, also, Erickson v. Wiper, 33 N. D. 193, 222, 157 N. W. 592. And on an 'incomplete

record, the appellate court will presume any conceivable state of facts within the scope of the pleadings and not inconsistent with the record which will sustain and support the ruling or decision complained of; but it will not, for the purpose of finding reversible error, presume the existence of facts as to which the record is silent.' 4 C. J. 736." Brissman v. Thistlethwaite, 49 N. D. 417–421, 192 N. W. 85.

It is well settled in this state that the question whether a judgment of conviction in a criminal case is sustained by the evidence cannot be raised for the first time in the Supreme Court. Where a defendant in a criminal action desires to attack the verdict of a jury or the finding of the trial court on the ground of insufficiency of the evidence, he must first raise such question in the trial court after the finding has been made. The finding of fact, whether it consists of the verdict of a jury or the decision of a trial court, cannot be attacked for the first time in the Supreme Court. State v. Glass, 29 N. D. 620, 151 N. W. 229.

A defendant in a criminal action who desires to challenge the sufficiency of the evidence must first give the trial court an opportunity to pass upon the question whether the evidence is sufficient to sustain the finding of fact on which the judgment of conviction rests. He should move for a new trial and by appropriate specification call to the attention of the trial court the particulars which he claims renders the evidence insufficient to sustain the finding of fact as made by the jury or the trial court. In this case no attack was made upon the sufficiency of the evidence to sustain the decision of the trial court. There was a motion to dismiss before the decision was made but no ruling of the trial court was invoked after the decision had been made. The record certified to this court consists only of the amended information, the affidavit of the defendant and the stipulation between the state's attorney and the attorney for the defendant as regards the facts contained in such affidavit, minutes of the court, defendant's motion for a dismissal of the action, the judgment of conviction and sentence, specifications of error and notice and undertaking on appeal. We cannot even assume that the so-called affidavit or stipulation of facts was the only evidence that was introduced. We must assume in support of the judgment every fact that is not clearly negatived by

the record submitted. Upon the record submitted here it does not appear that the judgment is erroneous. Accordingly it is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and MORRIS, JJ., concur.

SATHRE, J., being disqualified, did not participate, Hon. DANIEL B. HOLT, Judge of First Judicial District, sitting in his stead.