[File No. Cr. 169.]

## STATE OF NORTH DAKOTA, Respondent, v. THORWALD MOSTAD, Appellant.

(291 N. W. 910.)

Opinion filed April 24, 1940.

*B. H. Bradford* (*J. K. Murray* on oral argument), for appellant.

*Alvin C. Strutz,* Attorney General, *Roy A. Ilvedson,* State's Attorney, and *B. A. Dickinson,* Assistant State's Attorney, for respondent.

BURKE, J.  An information charging the defendant with the commission of the crime of making a false statement in his certificate on an absent voter's ballot envelope was filed in the county court of Ward county on November 28th, 1938.  Defendant demurred to the information.  The demurrer was sustained and the court ordered an amended information to be filed.  The amended information charging the defendant with the commission of the same crime was filed December 3, 1938.  Before pleading, the defendant moved to set aside the amended information upon the ground that he had had no preliminary examination upon the charge.  The motion was denied and defendant pleaded not guilty.  The case came on for trial before a jury on December 7, 1938, and the jury returned its verdict finding the defendant guilty as charged.  Judgment of conviction was entered upon December 12, 1938.  The defendant has appealed from the judgment.

There were eight assignments of error set forth in the specifications filed with the notice of appeal.  Four of these we deem abandoned as they were not urged upon argument or in the brief.  There remain for consideration specifications that the trial court erred in overruling defendant's motion to set aside the amended information; that it erred in permitting the testimony, given by the witness George at the preliminary hearing, to be read in evidence; that it erred in its instructions to the jury and that the evidence is insufficient to sustain a verdict of guilty.

Defendant's motion to set aside the amended information is based solely upon the ground that the defendant had had no preliminary examination upon the charge set forth therein.

There is no merit in the specification.  After a preliminary examination the defendant was held to answer to the charge of which he has been convicted.  The criminal complaint which was presented to the justice of the peace, before whom the preliminary hearing was had, and

the original information filed in county court charged the same offense in identical language. The amended information contained the additional allegation that the defendant was: "A notary public, being an officer authorized by law to administer an oath and possessing a seal" at the time of the doing of the acts constituting the crime charged. In all other respects its allegations are identical with those contained in the complaint. The additional allegation of fact contained in the amended information did not change the nature of the crime charged, nor did it alter in any respect the allegations of the particular acts of the defendant which it was charged constituted the crime. Whatever variance there may have been between the information and the complaint is well within the limits we have heretofore approved. State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. O'Neal, 19 N. D. 426, 124 N. W. 68; State v. McKenzie, 67 N. D. 443, 273 N. W. 1. We think it well to point out too, that the defendant was not entitled to a preliminary hearing as a matter of right. This trial was had in county court. Section 8964, Compiled Laws of N. D. 1913, as amended by chapter 121, Laws of N. D. 1925 provides: "No preliminary examination shall be necessary before trial in criminal actions in county court. . . ." The motion to set aside the information was properly denied.

At the trial, the court, over objection by defendant's counsel, permitted the testimony, given at the preliminary examination by the witness George, to be read in evidence. Defendant's contention is that the foundation for the admission of this testimony was defective in that it was not established that the witness George was absent from the state. Deputy Sheriff Lee testified that four or five days before the trial a subpoena for George was handed to him for service; that he attempted to locate the witness and was unable to do so; that he inquired of persons who knew the witness and also made inquiries at the place "where he had been when he was around town" and "learned he wasn't here;" that the persons of whom he inquired told him, "they thought he had gone." While more positive proof of the absence of a witness from the state, as foundation for the reception of the testimony given at a previous trial or preliminary examination might be desirable, it is unnecessary for us to determine the sufficiency of the foundation here under attack. The information charged that the defendant wilfully and unlawfully made a false statement in his certificate upon an absent

voter's ballot envelope in that he falsely stated "that one Leonard George, for whom an application purporting to be from Reno, Nevada, for absent voter's ballot was filed, exhibited an absent voter's ballot to said defendant unmarked, and that Leonard George in the presence of the defendant, in the presence of no other person, and in such manner that said defendant could not see his vote, marked such ballots and enclosed and sealed the same in an absent voter's ballot envelope; while in truth and in fact, Leonard George of Reno, Nevada, did not appear before said defendant, nor did Leonard George exhibit said ballots to the defendant, nor did Leonard George mark such ballots and enclose and seal the same in an absent voters' ballot envelope."

Section 997, Compiled Laws of N. D. 1913, sets forth the form of certificate which all absent voters' ballot envelopes must bear. It is as follows:

"Subscribed and sworn to before me this .... day of ..........
19...; and I hereby certify that the affiant exhibited the enclosed ballots to be unmarked, that he then, in my presence and in the presence of no other person, and in such manner that I could not see his vote, marked such ballot, and enclosed and sealed the same in this envelope. That the affiant was not solicited or advised by me to vote for or against any candidate or measure."

Section 1004, Compiled Laws of N. D. 1913, provides:

".   .   .   if any officer taking the affidavit provided for in § 997 shall make any false statement in his certificate thereto attached, he shall be deemed guilty of a misdemeanor.   .   .   ."

The testimony of the witness George is that the signatures appearing upon the absent voter's ballot envelope and upon the application are not his; that he made no application for an absent voter's ballot; that he did not appear before the defendant; that he did not mark or enclose and seal any absent voter's ballots in an absent voter's ballot envelope in the presence of the defendant. The defendant testified that George did not appear before him and vote and seal any ballots in an absent voter's ballot envelope in his presence. The only possible variance in the testimony of the defendant and George is as to the genuineness of the signature to the voter's certificate upon the absent voter's ballot envelope. George testified he did not sign it. The defendant stated that he honestly believed that the signature appearing

thereon was George's signature. This variance is immaterial. It was not charged in the information, and it was not necessary to charge therein, that George had not in fact executed the voter's certificate appearing on the envelope. The formalities which the statute requires to be followed in the voting of an absent voter's ballot are to protect the integrity and secrecy of the ballot as well as its genuineness. An officer, who is authorized to administer an oath, must certify that there has been a full compliance with all of the statutory requirements. To support a criminal charge under § 1004, supra, it is sufficient to allege and show that the officer's certificate is false in any of its statements with respect to any of the required formalities. Upon the question of the falsity of the statements, which the information in this case alleges to be false, the testimony of the defendant and of the witness George is in complete accord. It follows, that, whether it was error or not, the admission of George's testimony was not prejudicial to the defendant and therefore not a ground for reversal. State v. Degner, 59 S. D. 539, 241 N. W. 515; State v. Quinn, 186 Minn. 242, 243 N. W. 70; State v. Hammond, 217 Iowa 227, 251 N. W. 95; People v. Baker, 251 Mich. 322, 232 N. W. 381; 17 C. J. 324.

Defendant has also specified as error a portion of the charge to the jury. The minutes of the court disclose that the jury after considering the case a short time made a request for further instructions and that in response to such request the court gave the following instruction:

"Any recommendation you might make on your verdict does not excuse you as jurors from returning a verdict of either guilty or not guilty. You are obliged to either return a guilty or not guilty verdict unequivocally. Any recommendation you might make goes to the court in sentence only as a yardstick of your feelings that need not be heeded by the court."

It is asserted that this instruction tended to coerce the jury into reaching a verdict and that therefore it was error prejudicial to the defendant. In his brief defendant states: "It was not their (the jury's) duty to return a verdict of guilty or not guilty regardless of agreement and when the court so instructed them, he in effect instructed them that they were required to agree on a verdict, regardless of their feelings as to the guilt or innocence of the party." The construc-

tion which defendant has placed upon this instruction clearly overreaches the plain meaning of the language used by the court. As we see it, the statement, "You are obliged to return a guilty or not guilty verdict unequivocally," simply means that the verdict must be unequivocal, that is, plain, unambiguous and without any limitation which the jury might think a recommendation would impose. In the circumstances in which the instruction was given we do not believe that the language used by the court could mislead or tend to coerce the jury.

We do not consider defendant's specification that the evidence is insufficient to support the verdict. The sufficiency of the evidence was not challenged by a motion for an advised verdict, or upon a motion for a new trial and therefore may not be reviewed upon appeal. State v. Fahn, 53 N. D. 203, 205 N. W. 67; State v. Glass, 29 N. D. 620, 151 N. W. 229.

The record discloses no prejudicial error and the judgment is therefore affirmed.

NUESSLE, Ch. J., and MORRIS, CHRISTIANSON, and BURR, JJ., concur.