Elizabeth Clark, Appellant, *v.* George Rysedorph, Respondent.

Third Department, December 30, 1952.

*W. Joseph Shanley* for appellant.

*Joseph M. Mesnig* for respondent.

HEFFERNAN, J. This proceeding was instituted by appellant to determine the paternity of a child born on the 9th day of May, 1949. After trial of the issues the learned Children's Court Judge dismissed the proceeding and held that the " evidence is not clear or convincing. Paternity has not been established." The appellant is a widow and respondent is married. These parties became acquainted some time in 1946. Appellant testified that she kept steady company with respondent for five or six months when the relationship was terminated. She testified that later she again met respondent in August or September, 1947, and kept steady company with him for about a year during which the parties had meretricious relations. Respondent admits having had intimate relations with appellant during 1947 but denied any sexual relations thereafter.

During the course of the trial the court, on respondent's motion, made an order pursuant to the provisions of section 126-a of the Domestic Relations Law directing that the mother, her child and respondent submit to one or more blood-grouping tests by a duly qualified physician to determine whether or not respondent can be excluded as the father of the child. Section 306-a of the Civil Practice Act provides that wherever it shall be relevant to the prosecution or defense of an action or wherever it shall be relevant in any proceeding pending in a court of competent jurisdiction, a similar order may be made. That section provides that: " Whenever such test is ordered and made, the results thereof shall be receivable in evidence only where definite exclusion is established ".

The court directed that blood-grouping tests be made at Bender Laboratory in Albany, New York. These tests were made by John J. Clemmer, M.D., director of the laboratory and resulted in a finding excluding respondent as the father of appellant's child. When the question has arisen, courts have generally held, with a few exceptions, that evidence based on blood-grouping tests excluding paternity is admissible in a proper case. Dr. Clemmer found appellant to be type MN, respondent to be type N, and the child to be M, and he testified that a type N parent could not be the father of a type M child.

Thereafter respondent agreed with appellant and her counsel to submit to another blood-grouping test by Dr. Wright of the Albany Hospital. These tests were not made by Dr. Wright but were made under his supervision. They were limited to

the AB test and to that extent produced the same result as that found by Dr. Clemmer. Dr. Wright made no MN test and stated that his laboratory was not equipped to make such a test. He did testify that the MN test was recognized in serology. Thereafter the court directed that the parties and the child submit to another blood-grouping test to be made by Dr. Wiener in Brooklyn, New York. Dr. Wiener is recognized by the medical profession as an outstanding authority on this subject. After blood specimens were taken of the three individuals, Dr. Wiener made a finding excluding respondent as the father of the child and thus confirmed the results of Dr. Clemmer's previous tests. The uncontradicted medical testimony in this record scientifically proves that respondent cannot be the father of the child born to appellant.

The principle underlying blood tests is that certain characteristics or properties of the blood of a parent perpetuate themselves in that of his or her offspring in accordance with the Mendelian Law, and that the results of such tests are relevant in the determination of whether a given child is the offspring of a specified adult or whether a given adult is the mother or father of a particular child.

Appellant is relying on the cases of *Matter of Harding* v. *Harding* (22 N. Y. S. 2d 810, appeal dismissed 261 App. Div. 924), and on *State ex rel. Slovak* v. *Holod* (63 Ohio App. 16). The *Harding* case arose in the Domestic Relations Court of the City of New York and is distinguishable. The medical testimony was quite unsatisfactory. There the court said (p. 821): "The negative evidence of blood tests establishing non-paternity are insufficient to overcome the affirmative evidence in the case. The affirmative evidence in the instant case conclusively establishes the paternity of respondent and his liability for support". It also appeared in that case that the parties were married and that the child in question was born after the marriage occurred. In the *Slovak* case, the court simply held that testimony of an expert witness as to the result of a Landsteiner-Bernstein blood-grouping test of the mother, child and the accused was not conclusive evidence of nonpaternity but should only be admitted together with other evidence for the consideration of the jury in determining the defendant's guilt. The court remarked that nonpaternity as established by a blood-grouping test does not have the effect of nullifying the weight of positive evidence tending to establish the proof of paternity.

In *State* v. *Damm* (62 S. D. 123), the Supreme Court was considering the case of a defendant who was charged with rape

resulting in the birth of a child. During the progress of the trial defendant offered to be tested and asked the court to require the prosecutrix and her child to undergo the same tests. The request was denied and the Supreme Court held that the refusal of the trial court to permit the tests in a case of alleged rape was not an abuse of discretion, the assigned reason for the determination being that the reliability of the tests had not been sufficiently established. In the opinion upon a rehearing of the same case (64 S. D. 309), the court reviewed the medical literature on the subject of blood tests but adhered to its former ruling " to the effect that the trial court did not err in refusing to make the order requested ". (P. 318.) This case, therefore, passed upon an entirely different question than the one here presented.

In *Arais* v. *Kalensnikoff* (10 Cal. 2d 428), the action involved the determination of paternity of plaintiff's illegitimate child. The court in holding that the results of blood testing groups were not conclusive evidence of nonpaternity said (pp. 432, 434) : " Whatever claims the medical profession may make for the test, in California ' no evidence is by law made conclusive or unanswerable unless so declared by this code.' (Sec. 1978, Code Civ. Proc.) * * * The law makes no distinction whatever between expert testimony and evidence of other character. * * * It was the duty of the [trial] judge to determine the fact of parentage upon all this evidence and to resolve the conflict arising from the testimony of the mother and her witness on the one hand and the evidence of the defendant, including the blood test, on the other. * * * As there is ample evidence to support the finding of parentage, the trial judge did not abuse his discretion in denying the motion for a new trial."

It thus appears that the case last cited was decided under the provisions of the code of that State and hence is not applicable to the facts in our case.

The testimony of Drs. Wiener and Clemmer definitely establishes that respondent could not possibly be the father of the child in question. Their evidence is uncontradicted and is conclusive as to nonpaternity. To reject such testimony is to ignore scientific facts. This we may not do.

The conclusion arrived at by the Children's Court is amply supported by the evidence and we are not justified in disturbing the finding of nonpaternity.

The order appealed from should be affirmed, without costs.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur.

Order affirmed, without costs.