**STATE v. ELI.**

Cr. No. 254.

Supreme Court of North Dakota.

Feb. 3, 1954.

George E. Duis and E. J. Murphy, Fargo, for defendant and appellant.

E. T. Christianson, Atty. Gen., Lee F. Brooks, State's Atty. of Cass County, Fargo, and C. J. Serkland, Asst. State's Atty., Fargo, for plaintiff and respondent.

MORRIS, Chief Justice.

The defendant appeals from a judgment and sentence entered upon his conviction by a jury of the crime of rape in the first degree. The criminal information charged that on or about the 22nd day of November, 1952, the defendant had sexual intercourse with the complaining witness, a female of the age of fifteen years.

■ The scope of our review is limited by the inadequacy of the record presented. The defendant attempts to challenge in this court for the first time the sufficiency of the evidence to support the verdict. The sufficiency of the evidence is not before us.

"Where, in a criminal action, the sufficiency of the evidence to sustain a verdict is not challenged either by motion for an advised verdict, or after verdict, by motion for a new trial, the question cannot be considered on appeal." Syllabus 1, State v. Fahn, 53 N.D. 203, 205 N.W. 67. Also, State v. Mostad, 70 N.D. 73, 291 N.W. 910; State v. McClelland, 72 N.D. 665, 10 N.W.2d 798; State v. Johnson, 68 N.D. 236, 278 N.W. 241.

The defendant challenges the correctness of the trial court's instruction with respect to the crime of rape in which the court defined the three degrees of rape and in effect instructed the jury that if they found the defendant guilty to their satisfaction beyond a reasonable doubt, they should determine of which degree of rape he was guilty. The defendant points out that rape in the first degree is the only crime at issue and that under the evidence the defendant was either guilty of rape in the first degree or not guilty of rape at all.

■ We accept the defendant's version of the evidence, but that version is fatal to his assignment of error. The instruction with respect to second and third-degree rape was wholly superfluous, but that does. not mean that the giving of the instruction amounted to prejudicial error.

"An instruction on an offense lower than that charged need not be given where there is no evidence of the commission of such lower offense, although the giving of such an instruction is not error and should be refused only in exceptional instances." 23 C.J.S., Criminal Law, § 1288, p. 864.

Where, as in this case, the defendant was. charged with rape in the first degree and the jury found him guilty of the crime charged, and under the evidence, if guilty at all, he was guilty of the crime charged,. he was not prejudiced by an instruction with respect to the included offenses. 53 Am. Jur., Trial, Section 798, page 592; Annotations, 21 A.L.R. 621, 27 A.L.R. 1100, and 102 A.L.R. 1025; Woods v. State, 208 Ga. 456,. 67 S.E.2d 568.

The defendant specified that the court erred in denying his offer of proof wherein he offered to prove "that the character and reputation of prosecutrix was not good and she had been known for her running around and for being of lewd character in her own. community; * * *." Defendant's counsel stated that the proof was offered only with a view to affecting the credibility of the prosecutrix.

Prior to the time the offer was made the defendant had been permitted to cross-examine the prosecutrix as to whether or not she had had sexual relations with men other than the defendant. She stated that she had had sexual relations with no other men and only once with the defendant. It also appears from her testimony on direct examination that as a result of the one act of intercourse she became pregnant and had given birth to a child prior to the trial. In support of his contention that the trial court should not have rejected the offer of proof, the defendant cites State v. Apley, 25 N.D. 298, 141 N.W. 740, 48 L.R.A.,N.S., 269. That case involves statutory rape of a sixteen year old girl. She had testified that

she had had sexual intercourse only once with any one other than the defendant. This court held:

"It was error to exclude cross-examination tending to show that the prosecutrix, about a year before the alleged rape upon her by defendant, had been an inmate of a house of prostitution for a period of three weeks."

"Such testimony, when elicited under cross-examination of prosecutrix, was admissible as proof of unchastity and immoral character of the prosecutrix as bearing directly upon her credibility, even though she was under the age of consent, and her consent to the commission of the acts charged as constituting the offense was immaterial."

The limits applicable to the Apley case are well expressed in Rowe v. State, 155 Ark. 419, 244 S.W. 463, 464, wherein it is stated:

"The chastity of the prosecutrix is not in issue in prosecutions under the carnal abuse statute, and while the prosecutrix may be asked, on her cross-examination, about other illicit intercourse, this is only for the purpose of impeaching her as a witness—a circumstance to be considered by the jury in passing upon the credibility of the witness. But as the matter is collateral to the main issue, her answers, whether true or false, conclude the inquiry."

In this case the defendant seeks to attack the chastity of the prosecutrix by independent testimony which would enbroil the trial court and jury in the determination of an extraneous and collateral issue and thus initiate a rule which could not be logically confined to cases of statutory rape but would extend to other criminal prosecutions as well.

In People v. Gray, 251 Ill. 431, 96 N.E. 268, 273, the prosecuting witness was fifteen years of age. The defendant who was charged with statutory rape insisted that the trial court erred in excluding evidence as to the reputation of the complaining witness for chastity. The court said:

"If the reputation of the prosecuting witness for chastity were to be held admissible as going to her general credibility, then logically such testimony would be equally admissible as to the credibility of any female who might be called to give evidence in any case. The court properly excluded the evidence as to the reputation of the prosecuting witness for chastity."

This passage was recently quoted in State v. Wolf, 40 Wash.2d 648, 245 P.2d 1009, involving the carnal knowledge of a seventeen year old girl. It was there held that where the prosecution had not attempted to establish previously chaste character on the part of the prosecutrix, evidence of her bad reputation for morality was not admissible to affect her credibility.

■ In Kearse v. State, 68 Tex.Cr.R. 633, 151 S.W. 827, the court expressed the view that where it was conclusively shown that the prosecuting witness was under fifteen years of age at the time the alleged rape occurred, evidence that she was a lewd woman at that time was inadmissible to affect her credibility. In State v. Hairston, 121 N.C. 579, 28 S.E. 492, and State v. Eberline, 47 Kan. 155, 27 P. 839, a similar conclusion is reached. We have found no case supporting the admission of evidence covered by the defendant's offer of proof and none has been cited. The trial court did not err in rejecting the offer.

■ The defendant asserts that the court erred in refusing to give the following requested instruction:

"The jury is further instructed that evidence of the Defendant's good character alone. is evidence which may create a doubt which the State must overcome with strong and convincing evidence before you could find the Defendant, Sam Eli, guilty of the crime with which he is charged."

This requested instruction is not a proper statement of the law and no evidence has been pointed out in the record to which it would apply, and in our reading we have found none. The proffered instruction was properly refused.

Five days before the trial of the case began the court heard a motion on the part of the defendant "for an order requiring that a blood test be taken of the child born of (complaining witness), which child was supposedly born as the result of the alleged rape by the above named defendant." The notice of motion was accompanied by the affidavit of the defendant "That at the time of the preliminary hearing of the above captioned matter said (complaining witness) accused him of raping her. That he says that these statements are untrue; that she said as a result of the alleged rape she conceived a child which has, the defendant understands, now been born; that at said preliminary hearing said (complaining witness) further stated that the affiant was the only person that ever had carnal knowledge of her; that said affiant states that he did not have carnal knowledge of said (complaining witness) and therefore wants a blood test taken of her, and also of her child, which blood test could positively prove that said (complaining witness) is lying and that he is not the father of said child, and could further show that he did not have carnal knowledge of said (complaining witness); that this affidavit is made in support of a Notice of Motion to the Court on the 14th day of October, 1953, at 1:30 o'clock P.M. to require that blood tests be taken of said (complaining witness) and her child." This motion was resisted by the state's attorney's office and after hearing the arguments of counsel the court ordered:

"That the defendant at this time be denied his motion for an order requiring a blood test to be taken of the child born of (complaining witness), and requiring (complaining witness) to submit to a blood test, from matters and proof heretofore brought before this court."

The value of blood grouping tests in establishing nonpaternity is recognized in many cases, both civil and criminal. State v. Damm, 62 S.D. 123, 252 N.W. 7, 104 A.L.R. 430, and annotation 447; Shanks v. State, 185 Md. 437, 45 A.2d 85, 163 A.L.R. 931, and annotation 939; Arais v. Kalensnikoff, 10 Cal.2d 428, 74 P.2d 1043, 115 A.L.R. 163, and annotation 167; Cortese v. Cortese, 10 N.J.Super. 152, 76 A.2d 717; Ross v. Marx, 24 N.J.Super. 25, 93 A.2d 597; Clark v. Rysedorph, 281 App.Div. 121, 118 N.Y.S.2d 103; Wigmore on Evidence, 3d Ed., Section 165(b).

North Dakota has no statute directing or authorizing the taking of blood grouping tests and the introduction of the results of such tests as evidence in courts of law but if we assume that the court has power in the absence of statute in a proper case to direct the taking of blood grouping tests, we cannot here determine that the trial court erred in refusing the defendant's request and denying his motion upon the record presented. This is a criminal case. The defendant has asked for blood tests of the child and possibly of the mother. He has not offered to submit himself to the test and the court could not require him to do so. He has not asked that the court order the tests to be taken of all three—the prosecuting witness, the child, and himself. A test of the child alone or of the mother and child without also having a blood test of the defendant would prove nothing.

The record presents another complication with respect to the defendant's motion. It does not show when the child was born, whether it was within the jurisdiction of the court, or even that the child was living at the time the motion was heard. At the trial on October 19, 1953, defendant's counsel, on cross-examination, asked: "You no longer have the child?" To which she replied: "No." Neither counsel made further inquiries regarding the whereabouts of the child. The record before us nowhere discloses the date of birth. Under the showing made by the defendant we cannot say that the trial court erred in denying his motion. We find no reversible error in the record. The testimony of the complaining witness and the defendant is sharply conflicting. She positively testified as to the facts of his guilt. He as positively denied those facts. The jury determined that he was guilty. That determination must stand. The judgment appealed from is affirmed.

BURKE, SATHRE, CHRISTIANSON, and GRIMSON, JJ., concur.