Michael Mitulinski, Respondent, *v.* Anna D. Mitulinski, Appellant.

Third Department, November 21, 1962.

*Robert L. Briskie* for appellant.

*George A. Marcus* for respondent.

REYNOLDS, J. The court below granted the divorce in question on the ground that appellant had committed adultery with an unknown corespondent. The sole evidence introduced supporting this contention was the result of certain blood grouping tests of the respondent and of a child born to appellant on November 28, 1960 purporting to exclude respondent as father of the child. Appellant objected to the admission in evidence of the results of these tests, in our opinion, on sound grounds. Without here deciding the validity of appellant's argument that only the results of blood tests conducted pursuant to section 306-a of the Civil Practice Act are admissible to disprove paternity, we find that the result of the present tests should not have been allowed to have been introduced in evidence since the tests on the infant's blood were not conducted in a manner commensurate with the acceptable procedures required in actions where paternity is in issue. (See *Clark* v. *Rysedorph*, 281 App. Div. 121; " *C* " v. " *C* ", 200 Misc. 631; see, also, *Groulx* v. *Groulx*, 98 N. H. 481.) The record clearly reveals that the sample of the infant's blood was taken from the umbilical cord as a routine procedure following delivery. From the time the physician who took the sample left it in an unmarked test tube on the delivery table till the laboratory technician took it from the laboratory refrigerator the sequence of events introduced does not afford the certainty required in a case of this type that the specimen tested was that taken from the child or that the condition of the sample remained unchanged (see *Durham* v. *Melly*, 14 A D 2d 389). Beyond this, however, the laboratory technician who conducted the test testified that she did not cross-check after performing the A B O series and that she did not test the commercial sera anti A and anti B to see if they were potent. Even respondent's expert, Dr. Velz, testified that in order for the test to be deemed accurate, the accepted standard in the medical profession

requires a person performing the A B O series to conduct a cross check, i.e., the patient's serum being checked against known A and known B cells preferably A and B negative cells, after the slide and tube tests are made. He further testified that in addition the sera utilized should be checked as to potency. It is undisputed that these checks were not made.

We are faced here with the presumption of legitimacy. As CARDOZO, Ch. J., stated in *Matter of Findlay* (253 N. Y. 1, 7–8): "Potent, indeed, the presumption is, one of the strongest and most persuasive known to the law (*Hynes* v. *McDermott,* 91 N. Y. 451, 459; *Matter of Matthews,* 153 N. Y. 443), and yet subject to the sway of reason * * * the presumption will not fail unless common sense and reason are outraged by a holding that it abides." It is unfortunate that the child died five weeks after birth and thus retesting is impossible. This situation, however, does not permit the receipt into evidence, in this important controversy, of a test which does not, according to all the expert testimony in the record, meet the acceptable medical standards for such tests. A divorce decree based solely on this uncertain evidence must be reversed.

The court below was correct in denying the application for counsel fees as to past services but the question of allowance of counsel fees and expenses on the appeal is remanded.

The judgment should be reversed on the law and facts, complaint dismissed and the matter of counsel fees and expenses remanded to Special Term, with costs to appellant.

BERGAN, P. J., GIBSON, HERLIHY and TAYLOR, JJ., concur.

Judgment reversed on the law and facts, complaint dismissed and the matter of counsel fees and expenses remanded to Special Term, with costs to appellant.