The CITY OF DICKINSON, Plaintiff and Respondent,

v.

Bert SIMONIEG, Defendant and Appellant.

Cr. No. 324.

Supreme Court of North Dakota.

July 1, 1965.

Greenwood & Swanson, Dickinson, for appellant.

George Dynes, Dickinson, for respondent.

TEIGEN, Judge.

The defendant was found guilty in the police magistrate's court of the City of Dickinson of violating a city ordinance in that he operated a motor vehicle on the streets of the City of Dickinson while under the influence of intoxicating liquor. He appealed from the judgment of the police magistrate to the District Court of Stark County. The defendant waived a jury and the case was tried to the court. The defendant was found guilty. Judgment of conviction was entered and the defendant was sentenced. He has appealed to this court from the judgment of conviction. There was no motion for a new trial. The only assignment of error is that the evidence is insufficient to sustain the conviction.

The City of Dickinson argues that the question of the sufficiency of the evidence to sustain the conviction cannot be raised for the first time in this court and cites in support thereof State v. Johnson, 68 N.D. 236, 278 N.W. 241. In that case a jury trial was waived and the case was tried to the court and judgment of conviction rendered. The defendants appealed from the judgment. The principal contention of the argument was that the evidence was insufficient to sustain the conviction. There had been no motion for new trial. This court refused to review the evidence. It stated in the syllabus:

> "Whether a judgment of conviction in a criminal case is sustained by the evidence cannot be raised for the first time in the Supreme Court."

The case cited governs this case.

Where there is no motion for a new trial, the defendant has no right to a review of the sufficiency of the evidence for the first time in the Supreme Court. However, it appears to be a general rule that in all such cases the Supreme Court, in its discretion, may review the sufficiency of the evidence if, in its opinion, there has been a manifest miscarriage of justice. 24 C.J.S. Criminal Law § 1694(2). There appearing to be no miscarriage of justice

in this case, we see no reason to relax the rule.

For the reasons aforesaid, we affirm the judgment.

BURKE, C. J., and STRUTZ, ERICK-STAD, and KNUDSON, JJ., concur.