STATE of North Dakota, Plaintiff and Respondent,

v.

Art TIMM, Defendant and Appellant.

No. Cr. 332.

Supreme Court of North Dakota.

Nov. 21, 1966.

Rehearing Denied Dec. 1, 1966.

Helgi Johanneson, Atty. Gen., Bismarck; Richard B. Thomas, State's Atty., Minot, for plaintiff and respondent.

Waldron & Kenner, Minot; for defendant and appellant.

TEIGEN, Chief Justice.

The defendant appeals from a judgment and sentence of the county court with increased jurisdiction entered upon his conviction by the court, after waiving a jury, of violating Section 49–18–07, N.D.C.C., which provides that it shall be unlawful for any common motor carrier, contract motor carrier, or agricultural carrier to transport persons or property for hire unless such carrier shall first have obtained the proper certificate or permit required by statute, and shall have complied with the provisions of Chapter 49–18, N.D.C.C., and any applicable rules, regulations or restrictions adopted by the Public Service Commission. The crime charged is a petit misdemeanor.

The scope of our review is limited by the inadequacy of the record presented. The defendant in his notice of appeal states that the appeal is taken on the ground that the evidence is wholly insufficient to support the findings, that errors of law were committed, and demands a trial de novo in this Supreme Court. The sufficiency of the evidence to sustain the conviction was not challenged either by motion before submission of the case to the court, or after the court's finding the defendant guilty as charged. There was no motion for a new trial, nor any other motion made to the trial court, nor were any objections made during trial.

■ There is no provision in our statutes on Judicial Procedure, Criminal Appeals, for trial de novo such as is contained in appeals from a civil action tried by the court without a jury.

The county court with increased jurisdiction has concurrent jurisdiction with the district courts in all criminal actions below the grade of felony. Section 111, North Dakota Constitution. The legislature has provided that the provisions of law and rules of practice and procedure applicable to the distirct courts in criminal actions, including appeals to the Supreme Court, are applicable and shall apply to the county courts with increased jurisdiction. Section 27–08–24, N.D.C.C.

■ This Court has no appellate jurisdiction other than that prescribed by statute. State v. McClelland, 72 N.D. 665, 10 N.W.2d 798. Section 109 of the North Dakota Constitution provides that:

Writs of error and appeals may be allowed from the decisions of the district courts to the supreme court under such regulations as may be prescribed by law.

No right of appeal from the county court with increased jurisdiction is specially conferred by the Constitution. It is provided by statute under the same laws as govern appeals in criminal actions from the district courts. That right was left to statutory provisions and must be exercised in accordance therewith. An appeal, therefore, from a county court with increased jurisdiction embraces only that which is contemplated by the law enacted by the legislature, and the legislature has adopted no law providing for a trial de novo in the Supreme Court on a criminal appeal.

■ We cannot review the sufficiency of the evidence in this case for still another reason. It is not before us. We have often held in a criminal action that the sufficiency of the evidence to sustain a verdict, if not challenged either by a motion for an advised verdict or after verdict by motion for a new trial, cannot be considered on appeal. State v. Eli, N.D., 62 N.W.2d 469; State v. McClelland, supra; State v. Mostad, 70 N.D. 73, 291 N.W. 910; State v. Johnson, 68 N.D. 236, 278 N.W. 241; State v. Fahn, 53 N.D. 203, 205 N.W. 67; State v. Glass, 29 N.D. 620, 151 N.W. 229. This rule is equally applicable when a jury

is waived. The word "verdict" is defined to include not only the verdict of a jury, but also the finding upon facts of a judge. Section 1-01-41, N.D.C.C.

■ The defendant, also for the first time in this Court, alleges that it was error for a trial court to amend the process to, in effect, substitute a new defendant for the original defendant after trial of the case when such new defendant was not personally present in court or personally served with complaint and summons. We do not find in the record where this challenge was raised in any way in the trial court, either before or after conviction. It appears from the record that this action was commenced by the issuance of a uniform traffic complaint and summons pursuant to Section 29-05-31, N.D.C.C. It named "Tim's Moving & Storage Co (Vernon L. Klimpel) Minot N D" as the defendant. The summons provided the defendant should appear before the court at the time and place designated therein. It also contained a consent and promise to appear at the time and place specified in the summons, and receipt of a copy was acknowledged which was signed "Timm's Moving & Storage Vernon L. Klimpel." On August 5, 1965, a date later than that specified in the uniform traffic complaint and summons, the matter came on for trial before the court. No defendant appeared, but an attorney appeared who informed the court that he represented the defendant. In a prosecution for a misdemeanor, trial may be had in the absence of the defendant. Section 29-16-04, N.D.C.C. The defendant's attorney entered a plea of not guilty on behalf of the defendant, waived the reading of the complaint, waived a jury trial, and stated to the court that he was ready to proceed with trial. Thereupon trial was held. The state called one witness, the state highway patrolman who issued the uniform traffic complaint and summons. He was examined and cross-examined, whereupon both parties rested. The court took the matter under advisement, and on October 1, 1965, issued and filed its written findings and order. It found that the attorney who appeared at the trial entered a general appearance on behalf of the defendant Art Timm, designated in the complaint as "Tim's Moving & Storage Co."; participated in the trial of the case on its merits, without objection; that objection to the name by which the defendant was prosecuted was deemed waived; and ordered the complaint amended to reflect the true and correct name of the defendant as "Art Timm." Thereafter, on October 11, 1965, the defendant, Art Timm, appeared before the court with his attorney. The court advised them that it had found the defendant, Art Timm, guilty of the crime charged, and asked if the defendant had any legal cause or reason to show why sentence should not be pronounced at that time. The attorney answered that the defendant "does not have legal cause or reason to show why sentence should not be pronounced at this time." Whereupon the court imposed a fine of $100, and committed the defendant to the county jail for 30 days, which commitment was suspended on good behavior. The court granted a 45-day stay of execution of the judgment and sentence, and without any further proceedings before the trial court, the defendant took this appeal.

■ We have examined the record carefully and find that the defendant made no objection, no motion, and no claim of error of any kind before the trial court, either during or after trial. The appeal is from the judgment only, and it brings before this Court for review only errors of law committed by the trial court and appearing in the record of the action which have been preserved and presented in the manner prescribed by statute. State v. Dietz, N.D., 115 N.W.2d 1; State v. McClelland, supra. There being none, we have nothing to review.

The judgment is affirmed.

STRUTZ, ERICKSTAD, KNUDSON and MURRAY, JJ., concur.